F I L E D
United States Court of Appeals
Tenth Circuit

AUG 19 2003

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

TRAVELERS INDEMNITY
COMPANY,

      Plaintiff-Appellee/
      Cross-Appellant,

v.

ACCURATE AUTOBODY, INC. and
NATHAN JOEL HOSTETLER,

      Defendants,

WILLIAM GARY SMITH,

      Defendant-Appellant/
      Cross-Appellee.

Nos. 02-5095 and 02-5104

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 00-CV-9-K)

_____

Aaron C. Peterson, Tulsa, Oklahoma, for Defendant-Appellant/Cross-Appellee.

Philip R. Richards (Thomas D. Hird, with him on the briefs), of Richards &
Connor, Tulsa, Oklahoma, for Plaintiff-Appellee/Cross-Appellant.

_____

Before **KELLY** , **HENRY** , and **HARTZ** , Circuit Judges.

_____

**HARTZ** , Circuit Judge.

In this declaratory-judgment action, the parties cross-appeal the district court's determination of their respective rights and obligations under a general liability insurance policy. None of the parties thought it necessary, however, to include that policy in the record on appeal. Collectively they have informed us of only four words from the policy—"used in connection with." A party who seeks to reverse the decision of a district court must provide an adequate record for this court to determine that error was committed. Given the deficient record here, we summarily affirm on the appeal and cross-appeal.

This litigation arises out of a motor vehicle accident in which Defendant Nathan Joel Hostetler's car struck Defendant William Gary Smith and his motorcycle, causing Mr. Smith severe injuries. Mr. Hostetler was the sole shareholder of two companies—Accurate Auto Sales, Inc. (Auto Sales), a used car lot, and Accurate Autobody, Inc. (Autobody), a body shop. Mr. Hostetler was not involved in the day-to-day operations of Autobody, but was quite active in the operations of Auto Sales. Plaintiff Travelers Indemnity Company was the general liability insurer for Autobody but not for Auto Sales.

On the evening of the accident, Mr. Hostetler parked his personal car at Auto Sales and headed for his home in a BMW owned by Auto Sales. He planned to drive the BMW home for the evening and take it to Autobody the next morning

for an estimate on a paint job.  His home is located between Auto Sales and Autobody.  The accident occurred while he was driving home from Auto Sales.

Mr. Smith sued Mr. Hostetler, Autobody, and Auto Sales, among others. He reached a settlement with Mr. Hostetler, Autobody, and Auto Sales under which the liability insurer for Auto Sales would pay its policy limits, Auto Sales and Mr. Hostetler would obtain a full release, and Autobody would be released except to the extent of coverage under its policy with Travelers.

Travelers filed this diversity action, seeking a declaration that it owed no duty to indemnify or defend with respect to Mr. Smith's claim.  Mr. Smith was also joined as a Defendant (his counsel is prosecuting this appeal).  After a bench trial the district court ruled that Travelers did not have a duty to indemnify Autobody or Mr. Hostetler, but it did have a duty to defend them.

The parties then filed these cross-appeals.  In support of his appeal, Defendant designated an appellate appendix of 60 pages, including  (1) the district court docket sheet, (2) the complaint, (3) the district court's findings of fact and conclusions of law, (4) the district court's judgment, (5) the accident report, and (6) 22 pages of excerpts from the transcript of the bench trial.  Neither the insurance policy nor any of the district court pleadings (other than the complaint) were included in the appendix.  Travelers did not designate either an appendix for its cross-appeal or a supplemental appendix for Defendant's appeal.

On appeal Defendant claims that Travelers has a duty to indemnify, and

-3-

Travelers argues that it has no duty to defend. The parties agree that Oklahoma law applies.

An insurer's duties to defend and indemnify arise from the insurance policy. *See First Bank of Turley v. Fid. & Dep. Ins. Co. of Md.*, 928 P.2d 298, 302 (Okla. 1996) ("The relationship between the insured and insurer is contractual in nature. An insurer's duty to defend claims against its insured is an *ex contractu* obligation."). Accordingly, the resolution of the parties' claims depends on the policy language.

The parties apparently believe that only four words of that policy language are relevant to the appeal and cross-appeal before us. They quote the words "used in connection with" and argue extensively about whether that phrase encompasses what Mr. Hostetler was doing with the BMW at the time of the accident. They fail, however, to tie their arguments to the structure of the insurance policy, its purpose, or its definitions. We do not even have before us the language of the *sentence* in which the four-word phrase appears.

We are unwilling to reverse the decision of the district court based on a guess—even what we may think to be an informed guess—regarding the content of the policy. The party appealing a district court ruling has the burden to relieve us of such guesswork by providing the necessary documents.

Tenth Circuit Rule 10.3, entitled "**Content of record,**" states:

-4-

**(A) Essential items.** Counsel must designate a record on appeal that is sufficient for considering and deciding the appellate issues. Only essential parts of the district court record should be designated for the record on appeal.

**(B) Inadequate record.** The court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it.

. . . .

**D. Additional record items.**

. . . .

> **(4) Other.** Other items, such as trial exhibits and transcript excerpts, must be included when they are relevant to an issue raised on appeal and are referred to in the brief.

*Cf.* Fed. R. App. Proc. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.").

In this circuit the appendix often serves the purpose of the record on appeal. Tenth Circuit Rule 30.1 states:

> **Appellant's appendix.** In appeals from a district court, except pro se appeals and appeals in which an appellant is represented by appointed counsel, the record on appeal is retained in the district court. Instead of the Fed. R. App. P. 30(b) appendix, the appellant must file an appendix containing record excerpts. . . .

Tenth Circuit Rule 30.1 (A) then specifies:

-5-

**(1) Appellant's duty.** The appellant must file an appendix sufficient for considering and deciding the issues on appeal. The requirements of Rule 10.3 for the contents of a record on appeal apply to appellant's appendix. . . .

. . . .

**(3) Court not obliged.** The court need not remedy any failure of counsel to provide an adequate appendix. *See* Rule 10.3(B).

These rules are not empty gestures. We have repeatedly enforced them. *See, e.g.*, *Chasteen v. UNISIA JECS Corp.,* 216 F.3d 1212, 1221-22 (10th Cir. 2000) (quoting 10th Cir. R. 30.1(A)(1) and Fed. R. App. P. 10(b)(2) and then holding that "[b]ecause Injection Research has failed to provide this court with a sufficient record to determine the appropriateness of summary judgment on the issue of whether, prior to October 1994, JECS withheld discovery documents which it was legally required to produce, we cannot employ the doctrine of equitable tolling to disturb the district court's judgment that Injection Research's misappropriation of trade secrets claim against JECS was time-barred."); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997) ("In this circuit and under the Federal Rules, the appellant bears the responsibility of providing this court with an appendix sufficient for consideration and determination of the issues on appeal . . . . Because the appellant's appendix is insufficient to permit assessment of this claim of error, we must affirm." (internal quotation marks omitted)); *Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 954-55 (10th Cir. 1996)

("We find that the record on appeal is inadequate, and we are therefore unable to review this issue. The documents which the plaintiffs submitted are incomplete in that they do not fully detail the substance of this issue, nor do they sufficiently convey all the facts which form the basis of the issue. Further, we are not convinced that the plaintiffs adequately documented that this issue was preserved for appeal, and we thus refrain from addressing the substance of the plaintiffs' claim. *An appellant who provides an inadequate record does so at his peril.*" (emphasis added)); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1108-09 (5th Cir. 1991) (in copyright infringement case, failure to include alleged copy in record on appeal forecloses review of district court's decision that item had been copied).

The failure of both appellant and cross-appellant to include in the appendix the document that controls the resolution of the issues on appeal—the Travelers insurance policy issued to Autobody—deprives them of the right to challenge the judgment of the district court. We summarily AFFIRM.

One final point. Baseless attacks on the integrity of the district court are inappropriate even in offhand conversation. Here, Travelers' brief could easily be read as accusing the district court of misconduct, rather than simple legal error. Travelers' counsel must exercise greater care in the future. The record contains nary a hint of impropriety by the trial judge.