**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

A.J. REED ENTERPRISES,

    Plaintiff-Appellant,

v.

KERN RIVER GAS TRANSMISSION
COMPANY,

    Defendant-Appellee.

No. 03-4200
(D.C. No. 2:02-CV-1093-TS)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff A.J. Reed Enterprises (Reed) appeals the district court's grant of summary judgment to defendant Kern River Gas Transmission Co. (Kern River).

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Reed's complaint alleged breach of contract, trespass, and other claims against Kern River. We review the district court's grant of summary judgment de novo. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). Because Reed's appellate appendix is insufficient to permit a meaningful review of Reed's appellate arguments, we affirm.[1]

---

[1] A panel of this court issued an order on February 11, 2004, directing Martha J. Amundsen, then counsel for Kern River, to show cause why she should not be subject to attorney discipline for failure to meet her briefing deadline, to respond promptly to this court's deficiency notice, and to state the opposing party's position as required by 10th Cir. R. 27.4(B)(2). (Ms. Amundsen has subsequently been substituted as counsel for Kern River by Christine T. Greenwood). Ms. Amundsen mailed Kern River's response brief to this court more than six weeks after its original due date, having ignored this court's interim notice that her brief was overdue and allowing her a ten-day extension of time. Ms. Amundsen then failed to request leave to file an untimely brief. When she eventually did so, she failed to state the opposing party's position on the requested relief.

In her response to the show cause order, Ms. Amundsen contends that she should not be disciplined because her failure to file a timely brief, to respond to this court's notice, and to comply with the court's rules were due to her excessive caseload. She also notes she had the flu for a week, and that the November, December, and January holidays hampered her schedule. These are not justifiable excuses for counsel's egregiously dilatory conduct in this case. Therefore, pursuant to this court's authority to sanction an attorney under Fed. R. App. P. 46(c) for failure to comply with this court's rules, and under 10th Cir. R. 46.6(C) for inadequate representation, we impose on Ms. Amundsen a monetary sanction of $250.00, for which she shall be personally responsible in accordance with section 3.3 of this court's *Plan for Attorney Disciplinary Enforcement*. Ms. Amundsen shall make payment by check, payable to Patrick Fisher, Clerk of Court, within 20 days of the date of this order.

In 1990, Reed granted Kern River an easement to place an underground gas transmission pipeline across a portion of its property. The recorded easement allowed Kern River some flexibility for the pipeline's placement, with the understanding that if any routing adjustments were made, Kern River would, within one year, record the pipeline's actual centerline description and compensate Reed for any additional acreage it utilized. Kern River did record an adjusted centerline description in August 1993, and sent Reed a check for additional acreage in January 1994, which Reed cashed.

In 2001, Reed was denied a permit to develop its land in part because of the underground gas pipeline. Reed then filed its complaint against Kern River in October 2002, seeking to void the easement because the adjusted centerline description was recorded more than one year after the pipeline's completion. The district court ruled that all of Reed's claims were barred by the applicable statutes of limitations.

Reed then filed this appeal. [2] Its appellate appendix, however, contains only its amended complaint, the order granting Kern River's motion for summary judgment, the order denying Reed's motion for reconsideration, and the notice of

---

[2] Kern River filed a motion to dismiss this appeal on the ground that Reed had sold the property which is the subject of this suit, and thus lost standing to sue. Reed's claims survived the sale, however, because it reserved the right to pursue damages against Kern River for the alleged diminution of the property's value. Thus, we deny the motion to dismiss.

appeal. Kern River's supplemental appendix contains its summary judgment motion and supporting memorandum, and its reply to Reed's response thereto. Thus, the record on appeal does not include any of the arguments or evidence that Reed presented to the district court.

Reed claims on appeal that the district court erroneously found that the alleged trespass was a permanent trespass, for which the limitations period began to run when the pipeline was completed. *See Breiggar Props., L.C. v. H.E. Davis & Sons, Inc* ., 52 P.3d 1133, 1135-36 (Utah 2002) (explaining different application of limitations statute for permanent and continuing trespasses). The district court ruled that Reed failed to address Kern River's argument that the trespass was permanent, and further ruled that, on the uncontested facts, the trespass was a single, permanent trespass. Reed argues it did respond to Kern River's argument, and includes in its brief what it claims is a quote from its response to the summary-judgment motion. None of the responsive filings that might support Reed's assertion, however, are in the record on appeal. Therefore, we are unable to verify whether Reed timely asserted its trespass arguments in the district court, or whether Reed presented any evidence in support of its claim that the trespass was continuing. *See Travelers Indem. Co. v. Accurate Autobody, Inc* ., 340 F.3d 1118, 1120 (10th Cir. 2003) ("[w]e are unwilling to reverse the decision of the district court based on a guess").

Reed also claims that the district court erroneously rejected its argument that the breach of contract limitations period should be tolled because the breach was concealed. We are unable to determine from the record on appeal whether Reed presented any evidence to the district court in support of its claim that it did not and could not have known of the alleged adjustment in the pipeline's location.

Kern River presented evidence in the district court that a 2003 survey showed that the actual location of the pipeline is the same as the location shown on the 1990 easement, and it contends that the suit is therefore moot. The district court did not reach this issue. Reed asserts on appeal that Kern's argument is based on a disputed issue of fact, but we are unable to determine whether Reed presented contrary evidence below on the record it presented to this court.

In short, there is nothing in the record before this court to support any of Reed's claims that the district court erred. Reed is represented by counsel, who bears the responsibility under the rules of this court to "designate a record on appeal that is sufficient for considering and deciding the appellate issues," 10th Cir. R. 10.3(A); *see also* 10th Cir. R. 30.1(A)(1) (stating that requirements of Rule 10.3 apply to an appendix), *and* 10th Cir. R. 10.2(B) (stating that the record is to be presented in an appendix prepared by appellant when counsel is retained). This "court need not remedy any failure of counsel to provide an adequate appendix." 10th Cir. R. 30.1(A)(3). "When the party asserting an issue

fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th Cir. R. 10.3(B). Because the evidentiary record before us in this appeal is insufficient to permit an assessment of Reed's appellate arguments, we must affirm. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *see also Travelers*, 340 F.3d at 1120-21 (noting that this court has repeatedly enforced the record requirements of Rules 10.3(A) and 30.1(A)).

Kern River's Motion to Dismiss Appeal is DENIED. We summarily AFFIRM, with a monetary SANCTION of $250.00 IMPOSED on attorney Martha J. Amundsen.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge