**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KERWIN L. JENSEN,

      Plaintiff-Appellant,

v.

SUMMIT COUNTY,

      Defendant-Appellee.

No. 04-4052
(D.C. No. 2:02-CV-663-TC)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kerwin Jensen appeals the district court's grant of summary judgment for his former employer, Summit County, Utah, in this suit regarding the termination of his employment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Mr. Jensen was employed as the Director of Community Development of Summit County, Utah. As Director, he was required to administer the community development department, which handled planning, zoning, building permits, building inspection, and zoning code enforcement, and to supervise the department's staff. He reported to the Board of County Commissioners.

Mr. Jensen's employment with the county was governed by an employment contract dated May 8, 2000 (the Contract). The Contract specified that the relationship was one of employment at-will. Aplt. App. at 31, ¶ 1. It allowed the county to terminate Mr. Jensen's employment either with cause or without cause, and it allowed Mr. Jensen to terminate his employment upon four weeks' notice. *Id.* at 33, ¶¶ 6, 8. If the county terminated Mr. Jensen's employment with cause, or if he terminated his employment, the Contract provided no severance benefits. *Id.*, ¶¶ 6.a, 8. If the county terminated his employment without cause, however, the Contract entitled him to payment of six months' salary as a severance payment, plus additional benefits. *Id.*, ¶ 6.b. The Contract defined "with cause" to include "misfeasance or malfeasance of the responsibilities of the position,"

and it defined "without cause" to include "reductions in force, forced resignation, and other similar events." *Id.*, ¶¶ 6.a, 6.b.

On November 2, 2001, Mr. Jensen was called into a meeting with the commissioners and other county officials. He was told that the county intended to terminate his employment for cause unless he tendered his resignation, and he was offered an agreement providing for two months' salary as a severance benefit. The reasons given for terminating his employment fell into two categories: (1) issues regarding his handling of his job duties (including failure to follow the board's directives promptly, failure to cite violations of the building codes promptly, and failure to learn the building code), and (2) concerns that he had discriminatory attitudes towards women (including that he had made comments tending to belittle women, had stated that an employee got a new computer monitor because he was a man, and had made a female employee uncomfortable with questions he asked about her out-of-wedlock child).

On November 6, 2001, Mr. Jensen tendered a letter of resignation that stated: "Since the Summit County Board of Commissioners has told me that unless I resign by 5:00 p.m. on November 6, 2001, I will be terminated, I hereby resign my position as County Development Director for Summit County." *Id.* at 43. Considering his resignation a "forced resignation" entitling him to severance benefits under the Contract, he declined to sign the proposed severance agreement

and sued the county in Utah state court, asserting theories of breach of contract, violation of due process, and wrongful termination. The county removed the action to the district court, which denied Mr. Jensen's motion for summary judgment on his first breach of contract claim and granted the county's motion for summary judgment on all claims. Mr. Jensen appeals. [1]

---

[1] Before addressing the merits of the appeal, we consider the sufficiency of the appendices. Mr. Jensen is represented by counsel, who has the responsibility of providing "an appendix sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(A)(1), including copies of relevant motions (here, the motions for summary judgment) and any responses or replies filed in connection with the motions, 10th Cir. R. 10.3(D)(2). Mr. Jensen's appendix does not include a copy of his motion for partial summary judgment, the county's motion for summary judgment, the responses and replies filed with regard to the motions, or the transcript of the district court's hearing on the motions.

An appellant that fails to provide essential materials in the appendix risks summary affirmance of the district court's decision. *See Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1120-21 (10th Cir. 2003); 10th Cir. R. 10.3(B). Here, however, we have belatedly been provided the written materials, and in light of the parties' failure to dispute on appeal that any other issue relevant to the appeal arose during the district court hearing, we shall consider the merits of the appeal even without having the transcript of the hearing. We note, however, that the decision not to provide a transcript was risky. *See, e.g., Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1292 (10th Cir. 2000) ("[W]e are reluctant to overturn a district court's ruling without being able to examine the evidence or arguments it heard in making its ruling."); *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992) (dismissing appeal given impossibility of informed appellate review in absence of transcript). Further, we admonish Mr. Jensen's counsel for neglecting to provide any of the written materials initially, and we remind him of his duty to follow the appellate rules.

-4-

II.

The primary issue in this appeal is whether the county breached the Contract by not paying Mr. Jensen severance benefits upon termination of his employment. Resolving this issue requires us to determine whether Mr. Jensen's letter of resignation, tendered in response to Summit County's threat to terminate him for cause, was a "forced resignation." "We review the grant of summary judgment de novo, applying the same standard as the district court." *Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1201 (10th Cir. 2004). We apply the substantive law of the state of Utah to Mr. Jensen's breach of contract claims. *See BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

Having reviewed the district court's decision, the law, and the appellate record, we conclude that Mr. Jensen's resignation was not a "forced resignation" under the Contract for substantially the reasons set forth in the district court's order dated February 20, 2004 (Order). Moreover, the district court correctly found that, under Utah law, the county had cause to terminate Mr. Jensen's employment, and we also affirm that decision for substantially the reasons discussed in the Order.

Finally, Mr. Jensen argues that, in light of the district court's other erroneous rulings, we should reverse the district court's determination that he did

-5-

not have a property interest to support his claim of due process violations. Having concluded that the district court did not err, we affirm its decision with regard to Mr. Jensen's due process claim as well.

Mr. Jensen's motion to submit additional materials in his appellate appendix is GRANTED. The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge