**F I L E D**

**UNITED STATES COURT OF APPEALS**

May 4, 2006

**TENTH CIRCUIT**

FLOYD WOPSOCK, RUBY ATWINE, and
SHERLITA LAFRAMBOISE,

    Plaintiffs-Appellants,

RON WOPSOCK and LUKE DUNCAN

    Plaintiffs,

v.

WAYNE NORDWALL, Regional Director,
Southwest Regional Office of the Bureau of
Indian Affairs; CHESTER MILLS,
Superintendent, Uintah and Ouray Agency;
FORT DUCHESNE, Utah; BUREAU OF
INDIAN AFFAIRS; and OFFICE OF SPECIAL
TRUSTEE,

    Defendants-Appellees,

UTE INDIAN TRIBE OF THE UINTAH AND
OURAY RESERVATION,

    Defendant-Intervenor-Appellee.

No. 04-4296
(D.C. No. 2:03-CV-826-TC)
(D. Utah)

## ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY, SEYMOUR**, and **LUCERO,** Circuit Judges.

Plaintiffs are individual members of the Ute Indian Tribe. They are appealing the district court's dismissal of their complaint for lack of subject matter jurisdiction. Because the record is inadequate to permit proper review, we dismiss their appeal.

Plaintiffs sought declaratory and injunctive relief against the United States Bureau of Indian Affairs ("BIA"), the United States Department of the Interior Office of Special Trustee ("OST"), Wayne Nordwall, in his official capacity as regional director of the BIA, and Chester Mills, in his official capacity as superintendent for the BIA's Uintah and Ouray Agency. Plaintiffs' claims against defendants relate to the retention by the Ute Indian Tribe (the "Tribe") of John P. Jurrius as tribal financial advisor, and the Tribe's subsequent approval of a financial plan prepared by the Jurrius Group, LLP. Specifically, plaintiffs asked the district court for a declaratory judgment regarding defendants' allegedly inadequate oversight of the Tribe's asset management, and an order enjoining the BIA and OST from approving future transactions by Mr. Jurrius and requiring the BIA to conduct an equitable accounting of all transactions conducted by Mr. Jurrius and the Jurrius Group. Given the Tribe's interest in the action, it sought leave and was permitted to intervene.

At the core of plaintiffs' action is the allegation that various federal statutes concerning two major tribal assets give rise to specific duties on the part of defendants regarding the management and investment of those assets, as well as a general fiduciary duty to protect the Tribe from wasteful, predatory or misguided business dealings. Plaintiffs allege, among other things, that Mr. Jurrius and the Jurrius Group have mismanaged and misappropriated tribal assets by using asset funds to purchase a shopping center and hire an expensive law firm to pursue a risky lobbying scheme regarding water settlement funds. They assert that Mr. Jurrius and the Jurrius Group mortgaged the shopping center bought with asset funds and used the mortgage to pay certain tribal members for their political support. Finally, they claim that the financial plan proposed and implemented by Mr. Jurrius and approved by the Tribe has resulted in financial and employment losses as well as the mismanagement of various oil and gas leases. Plaintiffs contend all of these things are known, or should be known, by defendants in their capacity as overseers of the assets, and that defendants have failed to take appropriate action.

After amending their complaint several times, plaintiffs filed two motions for partial summary judgment regarding some of the on-going or proposed future dealings by Mr. Jurrius and the Jurrius Group on behalf of the Tribe and requesting an order requiring oversight by the federal defendants. Defendants,

and the Tribe as intervener, filed motions to dismiss. After stating that "[n]one of the laws under which Plaintiffs seek relief provides a private right of action against the United States, its agencies or officials" and therefore plaintiffs "must pursue their claims under the Administrative Procedure Act (APA)," the district court concluded that because various administrative proceedings relating to plaintiffs' claims were on-going, those claims were not ripe for review under the APA. Aplt. App. at 100-04. The court further concluded that "[t]o the extent Plaintiffs assert a violation of some general fiduciary duty to oversee the Tribe's business decisions, their claims fail because they have not alleged any specific source of any such trust duty." *Id.* at 102 n.5. Accordingly, the court dismissed plaintiffs' complaint without prejudice.

On appeal, plaintiffs generally contend the district court erred in concluding defendants had not waived sovereign immunity. More specifically, they argue the court should have held that (1) 25 U.S.C. § 476 requires defendants to oversee the selection of legal counsel and the payment of legal fees; (2) Public Law 102-575 requires defendant BIA to prevent the per capita distribution of water settlement funds, and (3) defendants are required to protect the Tribe against "the manipulation and diminishment" of its oil and gas revenues. Aplt. Br. at 2. We are unable to review the district court's decision, however, because plaintiffs have failed to provide us with an adequate appellate record as required

by our local rules.

Tenth Circuit Rule 10.3, entitled "Content of Record," provides in pertinent part:

> (A) **Essential items**. Counsel must designate a record on appeal that is sufficient for considering and deciding the appellate issues . . .
>
> (B) **Inadequate record**. The court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it.
>
> (C) **Required contents**. Every record on appeal to this court must include:
>> (1) the last amended complaint and answer . . . ;
>> . . . .
>> (3) pertinent written reports and recommendations, findings and conclusions, opinions, or orders of a district judge . . . ;
>> . . . .
>> (5) the decision or order from which the appeal is taken;
> . . . .
>> (7) the notice of appeal; and
>> (8) the district court's docket entries.
>
> (D) **Additional record items**
>> . . . .
>> (2) *Documents*. When the appeal is from an order disposing of a motion or other pleading, *the motion, relevant portions of affidavits, depositions and other supporting documents (including any supporting briefs, memoranda, and points of authority), filed in connection with that motion or pleading, and any responses and replies filed in connection with that motion or pleading must be included in the record.*

*Id.* (emphasis added). It is the appellants duty to comply with Rule 10(b). FED. R. APP. P. 11(a).

Plaintiffs' appendix contains neither defendants' nor the Tribe's motions to dismiss. It also does not contain plaintiffs' responses, if indeed there were any, to

-5-

those motions.  Nor does it include defendants' responses to plaintiffs' motions for summary judgment.  Incredibly, plaintiffs' appendix does not even contain the amended complaint upon which the district court's order is based, although the defendants did include this complaint in a supplemental appendix.

Defendants contend that plaintiffs are raising arguments they failed to raise in the district court.  Plaintiffs have placed us in the position of trying to guess what arguments and evidence were before the district court when it reached its decision, and "[w]e are unwilling to reverse the decision of the district court based on a guess . . . ." *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1120 (10th Cir. 2003).  "The party appealing a district court ruling has the burden to relieve us of such guesswork by providing the necessary documents." *Id.*  Plaintiffs have failed utterly in this respect.

"[Our] rules are not empty gestures.  We have repeatedly enforced them." *Id.* at 1121.  The failure of plaintiffs to include in their appendix the documents that control the resolution of the issues on appeal, namely, the dispositive motions and accompanying memoranda upon which the district court acted in dismissing plaintiffs' complaint, deprives them of the right to challenge the judgment of the district court.  Accordingly, we summarily **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge