FILED

United States Court of Appeals

Tenth Circuit

July 10, 2012

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SPARKY JOE MULLINS,

      Defendant-Appellant.

No. 11-7055
(D.C. No. 6:10-CR-00047-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Sparky Joe Mullins was found guilty of two counts of making false statements to the Social Security Administration in violation of 18 U.S.C. § 1001(a)(2). Mr. Mullins was sentenced to probation with a period of home confinement, and was ordered to pay a fine of $250,000. Mr. Mullins appeals from his convictions and

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

sentence. We exercise jurisdiction under 28 U.S.C. § 1291, and we summarily AFFIRM.

I.  Background

Mr. Mullins was charged in a two-count indictment with making false statements on his Social Security forms. Specifically, Count One charged that on July 23, 2007, on a Social Security Form titled "Work Activity Report—Self Employed Person," Mr. Mullins "falsely stated and represented that he had no self-employment income and did not work since October 1996 when in truth and fact, as defendant well knew, he worked and received income from self-employment." Aplt. App. at 1. Count Two charged that on the same day, on a Social Security Form titled "Report of Continuing Disability Interview," Mr. Mullins "stated and represented that he had not worked since 1996, when in truth and fact, as defendant well knew, he worked and received earnings from self-employment." *Id*. at 2.

According to the government's brief, "at trial Mr. Mullins stated that he had not worked nor earned any income from self employment since he became disabled, but evidence established that Defendant owned a horse ranch, held a trainer's license, performed physical labor and entered winning horses at racetracks during the time he claimed not to be working." Aplee. Br. at 3. A jury convicted Mr. Mullins on both counts. Mr. Mullins filed a motion for judgment of acquittal and a motion for new trial. The district court denied both motions.

The district court calculated the advisory guidelines range to be ten to sixteen months' imprisonment with a fine range of $3,000 to $30,000. The district court varied downward on the incarceration portion and sentenced Mr. Mullins to a non-custodial sentence of five years' probation with eight months of home confinement. The district court departed upward on the fine portion and ordered Mr. Mullins to pay $250,000.

Mr. Mullins now appeals from his convictions and sentence. He argues: (1) there was insufficient evidence to support his convictions; (2) irrelevant evidence was admitted that caused a variance in the charges; (3) the Social Security investigator gave expert opinion testimony without being qualified as an expert; and (4) the fine of $250,000 was not supported by evidence in the record.

II.    Discussion

The issues in this appeal require us to review the testimony and other evidence that was admitted at trial and at sentencing. An appendix containing the relevant portions of the district court record is therefore necessary for us to conduct our review. Because Mr. Mullins has failed to provide an adequate appendix for our review of his issues, we summarily affirm the district court's judgment and sentence.

Tenth Circuit Rule 30.1(A)(1) provides that "[t]he appellant must file an appendix sufficient for considering and deciding the issues on appeal." Tenth Circuit Rule 10.1(A)(1) instructs that it is the appellant's duty "to provide all portions of the transcript necessary to give the court a complete and accurate record of the

proceedings related to the issues on appeal." The rule further explains that "[w]hen sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." *Id*. at 10.1(A)(1)(a). And, this court "need not remedy any failure of counsel to provide an adequate appendix." *Id*. at 30.1(A)(3); *see also* 10th Cir. R. 10.3(B) ("The court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it.").

Although Mr. Mullins filed an appendix with his opening brief, it is woefully inadequate. His appendix contains only thirty-one pages from the trial transcript (there are actually thirty-three pages included, but two of the pages are duplicates, c*ompare* Aplt. App. at 30-31 with *id*. at 40-40A). The pages are cobbled together mostly as single page excerpts and are not always in proper numerical order. *See*, *e.g*., *id*. at 11-13 (pages 77, 70 and 73 of the trial transcript); *id*. at 22-25 (pages 194, 240, 242, and 265 of the trial transcript). Mr. Mullins' fourth issue involves an evidentiary challenge to the district court's sentencing decision, but his appendix contains only one page of the sentencing hearing transcript (there are two separate pages included in the appendix, but they are copies of the same transcript page, *compare id*. at 37 with *id*. at 41).

In *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993), we declined to consider appellant's challenges to the sufficiency of the evidence and other evidentiary rulings due to his failure to provide the court with a transcript of the

proceedings below. We have declined to hear claims predicated on record evidence not included in the appendix in other cases as well. *See*, *e.g., Burnett v. Sw. Bell Tele.*, *L.P.,* 555 F.3d 906, 910 (10th Cir. 2009); *Travelers Indem. Co. v. Accurate Autobody, Inc.,* 340 F.3d 1118, 1121 (10th Cir. 2003) (citing cases). We likewise decline to hear the issues Mr. Mullins has raised in his appeal.

III.    Conclusion

Appellate review of Mr. Mullins' issues is not possible without complete copies of the relevant transcripts. Accordingly, we summarily AFFIRM the district court's judgment and sentence due to Mr. Mullins' failure to provide this court with an adequate appendix.

Entered for the Court

Wade Brorby
Senior Circuit Judge