**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JANE DOE #1; JANE DOE #2;
JANE DOE #3,

      Plaintiffs-Appellants,

v.

BOULDER VALLEY SCHOOL
DISTRICT NO. RE-2; CHRIS KING;
GINGER RAMSEY; MIKE LOWE;
MARK SCHMIDT; MATT SCHMIDT;
JASON WANEKA; JASMINE MASSE,

      Defendants-Appellees,

and

TRAVIS JOHN MASSE,

      Defendant.

No. 12-1423
(D.C. No. 1:11-CV-02107-PAB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

\*    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

_____

Until he was caught and criminally prosecuted, high school teacher Travis Masse engaged in sexual misconduct with female students under the age of eighteen, including sending them sexually explicit text messages, requesting that they send him nude pictures of themselves, and persuading them to have sex with him. The plaintiffs in this suit were three students who were subjected to Mr. Masse's misconduct. They brought suit against Mr. Masse, his employer Boulder Valley School District No. RE-2 (BVSD), his supervisors (including the district superintendent, the school principal, and the school assistant principal/athletic director), and other school employees under three statutes: Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX); 42 U.S.C. § 1983; and Colorado's mandatory child-abuse reporting law, Colo. Rev. Stat. § 19-3-304.

Except for Mr. Masse, defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. Employing the principles set forth in _Ashcroft v. Iqbal_, 556 U.S. 662, 678-80 (2009), and _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555-57 (2007), the district court concluded that the majority of the allegations in the amended complaint failed to state a claim. Accordingly, it dismissed all but the § 1983 claim against Mr. Masse and the Colo. Rev. Stat. § 19-3-304 claim against another school employee. Plaintiffs appealed.

Because the dismissal order did not resolve all claims against all defendants, this court initially abated the appeal.  The district court then granted plaintiffs' motion to enter judgment under Fed. R. Civ. P. 54(b), making the dismissal a final, appealable decision.  *See McBeth v. Himes*, 598 F.3d 708, 720 (10th Cir. 2010).  Accordingly, we exercise jurisdiction under 28 U.S.C. § 1291.  "We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

Our review is impeded by the brevity of plaintiffs' appendix, which contains only the district court docket sheet, the amended complaint, the district court's orders and judgment, and copies of certain legal authorities.  It does not contain copies of defendants' motion to dismiss, plaintiffs' response, or defendants' reply.  Our rules require appellants to "file an appendix sufficient for considering and deciding the issues on appeal."  10th Cir. R. 30.1(A)(1).  "A party who seeks to reverse the decision of a district court must provide an adequate record for this court to determine that error was committed." *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1119 (10th Cir. 2003).  When faced with an inadequate appendix, "we are impeded in determining what arguments [appellants] properly preserved for appellate review," *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 908 (10th Cir. 2009), and "we are reluctant to overturn a district court's ruling without

- 3 -

being able to examine the . . . arguments it heard in making its ruling." *Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1292 (10th Cir. 2000).

Notwithstanding the inadequate appendix, we have reviewed the parties' legal arguments. The district court carefully and thoroughly examined the allegations against the various defendants. With the exception of the claim that the district court allowed to proceed, we are not persuaded that the amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against these defendants. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, identifying no reversible error, we affirm the district court's dismissal order filed on September 25, 2012, for substantially the reasons set forth in that order.

Entered for the Court


David M. Ebel
Circuit Judge