**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STATE FARM FIRE AND CASUALTY
CO., an Illinois corporation,

     Plaintiff - Appellee,

v.

TELECOMM CONSULTANTS, INC.,
an Oklahoma corporation; MYRON C.
BUTLER,

     Defendants - Appellants,

and

IBALL INSTRUMENTS LLC,
an Oklahoma limited liability company;
CARL P. BRIGHT,

     Defendants.

No. 18-6061
(D.C. No. 5:17-CV-00640-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

---

     [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

State Farm Fire and Casualty Company ("State Farm") obtained a declaration that it had no obligation to defend and indemnify Myron Butler, an individual sued for misappropriation of trade secrets and breach of contract in Oklahoma state court. Butler and Telecomm Consultants, Inc. ("TCI"), the insured party and company for which Butler was president, now appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 2007, Butler and Carl Bright formed iBall Instruments LLC ("iBall") to manufacture and market a gas detection and monitoring system for use in oil and gas exploration. Disagreements developed between the two about iBall's operation. In December 2010, they reached several agreements to resolve their dispute. One agreement created a "Joint Server," a computer on which company-related data was stored and to which both men would have access.

In January 2011, Bright filed suit in Oklahoma state court, seeking a declaration concerning the ownership and control of iBall. The court appointed David Rhoades to administer iBall's business and assets while the litigation was pending. Rhoades hired Butler's son, Aaron Butler, and his son's company, The Computer Lab, to upgrade iBall's computer facilities. Butler's son-in-law, Mark Davis, was also affiliated with The Computer Lab. As part of the upgrade, Rhoades allegedly approved the transfer of data from the Joint Server to new computers and the destruction of iBall's Joint Server and other computers.

In June 2013, Bright and Butler executed a Settlement and Release Agreement ("Settlement Agreement") to resolve the 2011 lawsuit. That Agreement granted Bright 100% ownership of iBall and assigned to him iBall's intellectual property. It further provided that Bright, Myron Butler, TCI, and Bright's company, Carl Bright, Inc. ("CBI"), assigned to iBall all intellectual and intangible property related to iBall or to its products and services offered to iBall's customers.

Before the scheduled closing date of the settlement, Bright hired a forensic computer analyst to examine iBall's computers. That examination showed software was installed on iBall computer hard drives to allow the user to delete and remove information permanently from the computer, and that software was then uninstalled a month later, likely to evade detection. The examination could not recover the deleted information. However, emails reference documents not otherwise produced during the transfer of iBall's intellectual property to Bright.

On November 8, 2013, Bright and iBall sued Aaron Butler and Davis in Oklahoma state court. An amended petition added Butler as a defendant. The amended petition alleges that Davis and Aaron Butler caused the destruction of iBall's physical and intellectual property, including the possible destruction of the Joint Server. It also alleges that Butler and Davis violated the Settlement Agreement's non-compete covenant by forming a company to actively compete with iBall and to sell a device developed using iBall's property.

Prior to the initiation of the 2013 lawsuit, State Farm issued a businessowners policy and a commercial liability policy to TCI. Each policy names TCI as the

3

insured. Butler is insured under the policies as an executive officer of TCI, "but only with respect to [his] duties" as a corporate officer.

State Farm initially defended Butler in the 2013 Oklahoma suit under a reservation of rights. Although he withdrew his request for defense and indemnification in August 2014, Butler asked State Farm to reopen his claim and to defend and indemnify him in the Oklahoma action in January 2017. State Farm agreed to defend him, again subject to a reservation of rights. It then filed this action in federal district court, seeking declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it had no obligation to defend and indemnify Butler. Butler and TCI filed a motion to dismiss or stay proceedings considering the underlying litigation, which was denied. The district court then granted summary judgment in favor of State Farm, absolving it of any obligation to defend and indemnify Butler. Butler and TCI timely appealed.

## II

We review the denial of a motion to dismiss or stay for abuse of discretion. See Wilton v. Seven Falls Co., 515 U.S. 277, 288-90 (1995). Under the Declaratory Judgment Act, a district court "may declare the rights and other legal relations of [an] interested party seeking [declaratory relief]." § 2201(a) (emphasis added). We have identified five factors district courts should consider in determining whether to exercise their discretion to hear and decide claims for declaratory judgment:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of

4

procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (citation and quotations omitted).

In this case, the district court held all five factors supported its exercise of jurisdiction over State Farm's claim. On appeal, appellants dispute the district court's conclusions with regard to the third and fourth factors. They assert that in resolving State Farm's summary judgment motion, the district court determined that Butler's actions did not involve an "accident" as defined in the policies, and that this determination may have preclusive effect in the state court proceedings. But appellants have not shown that the district court clearly erred in rejecting their argument that State Farm attempted to use "the declaratory remedy . . . merely for the purpose of procedural fencing or to provide an arena for a race to res judicata." Id. (quotations omitted). State Farm could not be joined as a defendant in the state court proceedings, and it needed to obtain a determination concerning its duty to defend and indemnify Butler.

Nor have appellants demonstrated that the district court resolved a "material factual dispute . . . in the face of ongoing state proceedings on the same subject." Id. at 984. The need to determine if an "accident" occurred did not require abstention in favor of state court proceedings. See id. at 982, 984 (stating in a declaratory judgment action that a federal court's assessment of intention did not constitute

5

"undue interference with the state proceeding," even though the state court proceedings alleged intentional torts). The district court thus did not abuse its discretion in resolving the third and fourth factors.

Appellants also dispute the district court's evaluation of the first Mhoon factor—whether the declaratory judgment action will settle the parties' dispute. The district court held that a declaratory judgment would conclusively determine State Farm's obligation, if any, to defend and indemnify Butler. Appellants now argue the district court did not completely resolve the controversy because State Farm may be required to provide coverage to TCI or Butler in his capacity as a TCI executive. They note that on April 23, 2018—after the district court entered final judgment in this action—the plaintiffs in the underlying state court suit filed a motion to add TCI as a defendant. But that fact was not before the district court when it decided the abstention issue. Appellants have not shown the district court abused its discretion by failing to account for the possibility of a second amended petition. See Henderson v. United States, 568 U.S. 266, 277 (2013) ("[W]e expect district judges to be knowledgeable, not clairvoyant." (quotations omitted)).[1]

---

[1] Appellants argue that iBall and Bright warned the district court in their response to State Farm's motion for summary judgment that TCI may be added as a defendant to the underlying action. But that advisement was made after the district court denied appellants' motion to dismiss or stay. The district court did not abuse its discretion by focusing on the claims asserted in the first amended petition, rather than hypothetical claims that might eventually be asserted in a second amended petition. See Mid-Continent Cas. Co. v. True Oil Co., 767 F.3d 1000, 1005 (10th Cir. 2014) (noting insured not required "to preemptively [assert coverage in the first action for] a claim not yet made").

## III

Appellants also appeal the district court's grant of summary judgment in favor of State Farm. "We review summary judgment orders de novo, using the same standards the district court applies." Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 906 F.3d 926, 930 (10th Cir. 2018) (quotations omitted). "We must determine whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law." Id. (quotations omitted). In so doing, we draw reasonable inferences in the light most favorable to the non-moving party. Dullmaier v. Xanterra Parks & Resorts, 883 F.3d 1278, 1283 (10th Cir. 2018).

Under Oklahoma law, which the parties agree controls, "[a]n insurer providing liability coverage usually has two duties: the duty to defend and the duty to indemnify." Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co., 720 F.3d 798, 804 (10th Cir. 2013). The duty to defend is broader than the duty to indemnify, and arises when the insurer "ascertains the presence of facts that give rise to the potential of liability under the policy." Id. (emphasis and quotations omitted). "The focus is on the facts of the incident not merely the allegations in the complaint." Id.

"An insurer's duties to defend and indemnify arise from the insurance policy." Travelers Indem. Co. v. Accurate Autobody, Inc., 340 F.3d 1118, 1120 (10th Cir. 2003). TCI's policies provide coverage only for Butler's actions taken in his capacity as a corporate officer of TCI. The district court focused on the allegations in the amended state court petition, holding that those allegations showed TCI is not a party to the underlying lawsuit, Bright and iBall do not assert any claims against

7

TCI, and they do not allege Butler was acting at any time on TCI's behalf. Our de novo review of the petition confirms this characterization.

Appellants argue that the district court disregarded facts that Bright and iBall likely would discover and plead in a second amended petition, resulting in Bright and iBall seeking recovery from TCI or Butler acting as a corporate officer. But as the district court observed, defendants cited no evidence to support this theory. Arguments by counsel in briefs are not evidence. Florida v. Georgia, 138 S. Ct. 2502, 2545 (2018) ("[S]tatements in briefs are not evidence."). The district court thus did not err in disregarding these statements in favor of the actual allegations in the first amended petition.

Appellants also argue that the following facts provide sufficient evidence to infer there may be potential liability under the policy, requiring State Farm to tender a defense: (1) TCI's status as a signatory to the Settlement Agreement, (2) Butler's service as an executive officer, and (3) Bright's stated intention to add TCI as a named defendant. But in view of the plain language of the first amended petition, uncontradicted by other evidence, the first two factors did not establish a duty to defend or indemnify. And as we have noted, the third factor was not substantiated with any evidence.[2]

---

[2] In response to State Farm's motion for summary judgment, the Bright defendants could have filed an affidavit or other evidence detailing the terms of a proposed second amended petition that might have established a duty to defend or indemnify under the policy. But they did not. Nor could we consider Bright's proposed second amended petition seeking to add TCI as a defendant, even if it was

(continued)

8

Finally, appellants argue it was State Farm's burden to show that Butler was not acting in his executive capacity with TCI. This argument misstates the allocation of burdens. When presented with State Farm's properly supported motion, which included the policies, the first amended petition, and other pleadings from the state court action showing there was no possibility of coverage, Butler and TCI could not "rest upon the mere allegations or denials of [their] pleading, but [were required to] set forth specific facts showing that there [was] a genuine issue for trial." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013) (quotations omitted). Because they failed to do so, the district court properly entered summary judgment in State Farm's favor.[3]

## IV

We **AFFIRM** the district court's judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

presented to us as part of the record, because it was not before the district court. Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1226, 1230 (10th Cir. 2015) ("[I]n reviewing a grant of summary judgment, we do not consider materials not before the district court.").

[3] The district court provided two reasons for concluding there was no coverage: (1) Butler was not an insured under the policies because he was not sued for actions he took as an officer or director of TCI; and (2) the policies did not cover the damages sought in the underlying action. Because the first reason is dispositive, we need not address the second.

9