**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DON QUARLES, an individual;
QUARLES ACRES, LLC, an
Oklahoma Corporation,

        Plaintiffs - Appellees,

v.

SPESS OIL CO., INC.,

        Defendant - Appellant,

and

UNITED STATES OF AMERICA, ex
rel. BUREAU OF INDIAN AFFAIRS;
UNITED STATES OF AMERICA, ex
rel. ENVIRONMENTAL
PROTECTION AGENCY; TEXACO
INC.; PHILLIPS PETROLEUM CO.;
CONOCOPHILLOPS CO.; SUN OIL
CO.; LITTLE RIVER ENERGY CO.;
YARHOLA PROD. CO.; THE LINK
OIL CO.; and TONY OIL CO.,

        Defendants.

No. 08-5058
(D.C. No. CV-00-913-F)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

(continued...)

Before **TACHA**, **SEYMOUR**, and **HOLMES**, Circuit Judges.

Plaintiffs-Appellees Don Quarles and Quarles Acres (collectively "Quarles") brought suit against three defendants, including Defendant-Appellant Spess Oil Company, Inc. ("Spess"), for damage that the defendants allegedly caused to Mr. Quarles's property through their oil and gas operations and site cleanup. The district court found in favor of the defendants on Quarles's equitable claim but entered judgment for Quarles on all other issues, including $67,500.00 in punitive damages against Spess. Spess filed a Fed. R. Civ. P. 59 motion for a new trial on the ground that the district court had erred in allowing the punitive damages issue to go to the jury, as there was insufficient evidence to warrant the imposition of punitive damages. The district court denied the motion, and Spess now appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and we summarily **AFFIRM** the district court's judgment, concluding in part that the record is insufficient to allow for appropriate review.

## BACKGROUND

Quarles's claims for surface damages, nuisance, negligence, trespass, and unjust enrichment went to trial after extended litigation and a previous appeal.

---

[*](...continued)
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Quarles also sought punitive damages from Spess. Both at the close of Quarles's case-in-chief and at the close of all the evidence, Spess moved for judgment as a matter of law under Fed. R. Civ. P. 50 on the issue of punitive damages, but the district court denied the motions and ultimately found sufficient evidence to submit the issue to the jury. Before submitting the case to the jury, the district court reserved the equitable issue of unjust enrichment.

The jury returned a verdict for Quarles and against Spess on all the remaining claims. The jury awarded Quarles $100,000.00 in damages from Spess and $15,000.00 from each of the other two defendants. The jury also specifically found by clear and convincing evidence that Spess acted in reckless disregard of the rights of others, making Spess liable for punitive damages in an amount to be determined after a second jury deliberation. Both parties waived the right to present additional evidence and instead proceeded with closing arguments. After further deliberation, the jury assessed punitive damages against Spess in the amount of $67,500.00.

After briefing by the parties on the issue of unjust enrichment, the district court entered its findings of fact and conclusions of law, finding in favor of the defendants on that issue. On the same day, the district court additionally entered judgment in accordance with the jury's verdict—i.e., in favor of Quarles and against the defendants—on all the remaining issues, including punitive damages against Spess. Spess filed a motion for a new trial pursuant to Fed. R. Civ. P.

-3-

59(a), contending that the district court had erred as a matter of law when it submitted the issue of punitive damages to the jury. The district court denied that motion, and Spess now appeals. It argues that imposition of punitive damages violated the requirements of substantive due process because Quarles did not introduce sufficient evidence to provide the trial court an adequate basis for sending the punitive damages issue to the jury.

## DISCUSSION

We review de novo the district court's determination of whether sufficient evidence exists to support punitive damages. *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1120 (10th Cir. 2004). Despite the jury's discretion to determine the amount of such an award, a punitive damages award "must be set aside if the court determines that the issue should not have been submitted to the jury in the first place." *Jackson v. Pool Mortgage Co.*, 868 F.2d 1178, 1182 (10th Cir. 1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072-73. We review the denial of Spess's Fed. R. Civ. P. 59 motion for a new trial for abuse of discretion. *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998).

An adequate record on appeal, which allows us to examine the relevant materials and proceedings before the district court, is necessary for us to conduct our review. *Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist.*, 226 F.3d 1170, 1175 (10th Cir. 2000); *McEwen v. City of Norman, Okla.*,

926 F.2d 1539, 1550 (10th Cir. 1991). Together with its opening brief, Spess

filed an appendix as instructed by Fed. R. App. P. 30(a) and 10th Cir. R. 30.1.

> The record on appeal comprises all of "the original papers and exhibits filed in the district court; . . . the transcript of proceedings[,] if any; [and] . . . a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). However, in this Circuit we leave the record on appeal in the district court and rely primarily on an appendix that the parties are obligated to produce, containing the relevant parts of the record. 10th Cir. R. 30. We sometimes refer to this appendix colloquially as the record on appeal, but technically it is not. The appellant's appendix must be "sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(A)(1). If the appendix is insufficient on an issue that the appellee wishes us to decide, he may file a supplemental appendix of his own. 10th Cir. R. 30.2(A)(1). If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix. 10th Cir. [R.] 30.1(A)(3). However, we retain the *authority* to go beyond the appendix if we wish, because all of the transcripts (if they have been ordered) and documents and exhibits filed in district court remain in the record regardless of what the parties put in the appendix.

*Milligan-Hitt v. Bd. of Trs. of Sheridan County Sch. Dist. No. 2*, 523 F.3d 1219,

1231 (10th Cir. 2008) (citations and footnotes omitted).

Because the record that Spess provided to us in the form of its appendix

does not contain a trial transcript, it is insufficient for us to review the issue of

sufficiency of the evidence regarding punitive damages against Spess. The

burden lay on Spess to "provide all portions of the transcript necessary to give

[us] a complete and accurate record of the proceedings related to the issues on

appeal." 10th Cir. R. 10.1(A)(1); *Milligan-Hitt*, 523 F.3d at 1231 n.9 (noting that because the record automatically contains district court filings, "the major failure parties can make on appeal with respect to the record . . . is to neglect to order transcripts that are necessary to adequately consider an issue").

Spess inexplicably neglected to order a transcript of the trial court proceedings, in contravention of Fed. R. App. P. 10(b)(1), and hence the transcript was not included in its appendix on appeal. Appellate review of the issue raised by Spess is not possible without reference to the trial transcript, i.e., without reference to the only certified record of precisely what evidence was presented at trial regarding the issue of Spess's liability for punitive damages.

Appellants who fail to provide an adequate record do so at their peril. *Burnett v. Sw. Bell Tel., L.P.*, __F.3d__, No. 07-3126, 2009 WL 237702, at *1 (10th Cir. Feb. 3, 2009); *see also Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal."). This Court is not obligated to remedy any failure by counsel to designate an adequate record or to provide such a record to us on appeal. 10th Cir. R. 10.3(B); 10th Cir. R. 30.1(A)(3); *Burnett*, 2009 WL 237702, at *4 ("Our procedural rules should not be considered empty gestures, as [w]e have repeatedly enforced them." (alteration in original) (internal quotation marks omitted)).

Once again, it is incumbent upon us to remind litigants that we regularly

-6-

decline to hear claims that are premised upon record evidence that is not included in the appendix. *Burnett*, 2009 WL 237702, at \*4 ("As we have warned parties many times, we regularly decline to hear claims predicated upon record evidence not included in the appendix."); *see also Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999) ("This court has held 'on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm.'" (quoting *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992))).

In addition to an inadequate record, Spess's briefs are devoid of any citations to the trial transcript in support of its assertions regarding what evidence was introduced at trial. An appellant's argument must contain its "contentions and the reasons for them, *with citations* to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A) (emphasis added). Thus, even if Spess had provided us with a transcript, "[s]uch a presentation [would] require[] th[is] court 'to scan volumes aimlessly' in a search for what was established at trial." *United States v. Baum*, 550 F.3d 1210, 1213 (10th Cir. 2008) (quoting *Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1268 (10th Cir. 2008)); *see Morrison Knudsen Corp.*, 175 F.3d at 1241 (noting "this court's need for sufficient guidance from parties to enable us to review voluminous records intelligently, rather than sift through them aimlessly"). That would be unacceptable. Spess "bears the responsibility of tying the relevant facts to the

record in order to carry the burden of proving error. This Court has no responsibility to 'sift through' the record to find support for [appellant]'s arguments." *United States v. Stephenson*, 452 F.3d 1173, 1182 n.4 (10th Cir. 2006) (citation omitted) (quoting *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992)).

Spess has conceded that it failed to provide a sufficient record. *See* Aplt. Reply Br. 2; R., Dist. Ct. Dkt. No. 570 (Tr. Order Form, filed Apr. 30, 2008). It contends, however, that the "only portions of the trial transcript which are necessary" pertain to two witnesses—Messrs. Spess and Quarles—and it urges us to permit it to supplement the record solely with the trial transcripts embodying the testimony of those witnesses. Aplt. Reply Br. 5. However, "[w]hen sufficiency of the evidence is raised, the *entire relevant trial transcript* must be provided." 10th Cir. R. 10.1(A)(1)(a) (emphasis added); *see Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104-05 (10th Cir. 1998) (noting the appellate court's inability to review sufficiency-of-the-evidence claims when only a portion of trial transcript was provided); *see also Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979-80 (10th Cir. 1992) (citing cases and refusing review).

We are not convinced by Spess's conclusory assertion that the testimony of these two witnesses—constituting an unknown portion of a trial that lasted more than five days—is the only relevant part of the transcript that is required for us to

undertake appellate review. *See Burnett*, 2009 WL 237702, at \*3 (noting that "we are not inclined to consider reversing the district court based upon the parties' tacit assurances that we have before us all of the relevant matter"). Furthermore, in light of Spess's failure to provide any citations to the trial transcript in support of its arguments, we are disinclined to embrace the opportunity to sort through any proffered transcript in search of purported errors. *Thomas*, 965 F.2d at 826-27 ("[Appellant] essentially argues that the district court was wrong, without pointing us to the errors of which he complains."); Fed. R. App. P. 28(a)(9)(A), (e); 10th Cir. R. 28.1(A). Thus, we deny Spess's request to supplement the record.

Moreover, our reasoning in this regard explains why Quarles's actions cannot have the effect of rescuing Spess and providing a basis for our review. Unlike an appellant, an appellee has no duty to produce an appendix. *See, e.g.*, *Morrison Knudsen Corp*, 175 F.3d at 1239 n.18 (noting that "[a]n appellee has no parallel duty to produce an appendix"). However, it may supplement an appellant's filing with its own. 10th Cir. R. 30.2(A)(1). Quarles apparently did take the initiative to order the transcripts of the trial testimony of the two witnesses whose testimony Spess tendered in its request to supplement the record, but indicated that it had received only the transcript of one of them—specifically, Mr. Quarles. And Quarles filed a supplemental appendix, which consisted solely of transcript excerpts of Mr. Quarles's testimony.

For the reasons noted above, however, Spess is not "bailed out" by our access to Mr. Quarles's testimony—it constitutes a woefully deficient foundation for our review. *Cf. Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 n.19 (10th Cir. 2003) (reversing a grant of summary judgment despite appellants' "inexcusabl[e]" "failure to meet basic standards" and to include underlying pleadings in the record when "[i]n many instances, appellants' record-designation deficiencies were bailed out by the appellees themselves"). This is especially true given the sufficiency-of-the-evidence challenge raised by Spess. Indeed, even though providing the transcript excerpts of Mr. Quarles's testimony, Quarles has opposed Spess's assertion that the transcripts of the testimony of Messrs. Quarles and Spess would establish an adequate record. *See* Aplee. Mot. for Leave of Court to File Aplee.'s Surreply Br. 2 ("[T]he error of Spess cannot be remedied by requesting only two portions of the transcript, but can only be remedied by ordering the entire trial transcript.").

In sum, Spess's failure to provide us with a sufficient record through its filed appendix or with citations to the record in support of its appellate arguments is fatal to its challenge to the district court's punitive damages determination. We are constrained to summarily uphold the district court's judgment.[1]

---

[1] Although it is unclear from its brief, Spess also appears to argue that the amount of the punitive damages award—$67,500.00—is excessive. Under the same rationale articulated in text, we would conclude that our review of any such

(continued...)

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's judgment.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[1](...continued)
argument was foreclosed by the woefully inadequate record and summarily
affirm.