FILED
United States Court of Appeals
Tenth Circuit

February 3, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KAREN BURNETT,

       Plaintiff-Appellant,

v.

SOUTHWESTERN BELL
TELEPHONE, L.P.,

       Defendant-Appellee.

No. 07-3126

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 05-CV-2514-KHV)**

---

Alan V. Johnson of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., Topeka, Kansas, for Plaintiff-Appellant.

Jerald W. Rogers of Triplett, Woolf & Garretson, LLC, Wichita, Kansas, for Defendant-Appellee.

---

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

---

**HOLMES**, Circuit Judge.

---

      Plaintiff-Appellant Karen Burnett appeals the district court's grant of

summary judgment for Defendant-Appellee Southwestern Bell Telephone

("SWBT") on her retaliatory discharge claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. We exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** the judgment of the district court.

## DISCUSSION

Ms. Burnett filed suit against SWBT in federal district court, alleging that SWBT had terminated her in retaliation for her exercise of her rights under the FMLA and ERISA. The district court granted SWBT's motion for summary judgment on the FMLA claim, denied Ms. Burnett's motion for reconsideration, and ultimately granted summary judgment for SWBT on the ERISA claim as well. Ms. Burnett now appeals the district court's entry of summary judgment in favor of SWBT on both claims. Ms. Burnett asserts that the district court erred in concluding that she had not demonstrated that genuine issues of material fact existed on her claims.

We review the district court's grant of summary judgment de novo. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). "[T]o conduct our de novo review, we must necessarily review the materials before the district court." *Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist.*, 226 F.3d 1170, 1175 (10th Cir. 2000). Together with her opening brief, Ms. Burnett filed an appendix as instructed by Fed. R. App. P. 30(a) and 10th Cir. R.

-2-

30.1.

> The record on appeal comprises all of "the original papers and exhibits filed in the district court; . . . the transcript of proceedings[,] if any; [and] . . . a certified copy of the docket entries prepared by the district clerk." Fed. R.App. P. 10(a). However, in this Circuit we leave the record on appeal in the district court and rely primarily on an appendix that the parties are obligated to produce, containing the relevant parts of the record. 10th Cir. R. 30. We sometimes refer to this appendix colloquially as the record on appeal, but technically it is not. The appellant's appendix must be "sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(A)(1). If the appendix is insufficient on an issue that the appellee wishes us to decide, he may file a supplemental appendix of his own. 10th Cir. R. 30.2(A)(1). If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix. 10th Cir. [R.] 30.1(A)(3). However, we retain the *authority* to go beyond the appendix if we wish, because all of the . . . documents and exhibits filed in district court remain in the record regardless of what the parties put in the appendix.

*Milligan-Hitt v. Bd. of Trs. of Sheridan County Sch. Dist. No. 2*, 523 F.3d 1219, 1231 (10th Cir. 2008) (citations and footnotes omitted). Lest the central point be lost, "[a]n appellant who provides an inadequate record does so at his peril." *Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 955 (10th Cir. 1996); *see Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal."). On appeal, Ms. Burnett has failed in her responsibility to produce a sufficient record in two major

respects.

First, her appendix inexplicably does not contain copies of SWBT's motions for summary judgment, her responses, SWBT's replies, or her complete surreply as mandated by 10th Cir. R. 10.3(A), 10th Cir. R. 10.3(D)(2), Fed. R. App. P. 30(a)(1), and 10th Cir. R. 30.1(A)(1). When, as here, the appeal is from a grant of one or more motions for summary judgment, the appellant's appendix must include both the motions "and any responses and replies filed in connection with" those motions. 10th Cir. R. 10.3(D)(2); *see Sanpete Water Conservancy Dist.*, 226 F.3d at 1175; 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure* § 3956.1, at 627-28 (4th ed. 2008) [hereinafter *Federal Practice*] ("Of course, when compiling the record, an appellant challenging the grant of summary judgment should make sure to include in the record all the materials considered by the district court."); *see also Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1292 (10th Cir. 2000) ("Because [appellant] claims that the district court's finding that there was no genuine issue of material fact was contrary to the evidence, it must 'include in the record a transcript of all evidence relevant to that finding or conclusion.'" (quoting Fed. R. App. P. 10(b)(2))).

In other words, the record that Ms. Burnett provided to us in the form of her appendix does not reveal to us the arguments that were made to the district court regarding the orders that Ms. Burnett now asks us to reverse. *See Travelers*

*Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1119 (10th Cir. 2003) ("A party who seeks to reverse the decision of a district court must provide an adequate record for this court to determine that error was committed."); *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1221-22 (10th Cir. 2000) (upholding the district court's grant of summary judgment on statute of limitations grounds where appellant "has not included in the appellate record any of the motions filed by the parties . . . or stays issued by the court"); *cf. Questar Pipeline Co.*, 201 F.3d at 1292 ("[W]e are reluctant to overturn a district court's ruling without being able to examine the evidence or arguments it heard in making its ruling.").

Consequently, among other things, we are impeded in determining what arguments Ms. Burnett properly preserved for appellate review. *See Dikeman*, 81 F.3d at 954-55 ("Further, we are not convinced that the plaintiffs adequately documented that this issue was preserved for appeal, and we thus refrain from addressing the substance of the plaintiffs' claim."); *Federal Practice*, *supra*, § 3956.1, at 641 ("[T]he appellant should make sure that the record on appeal includes the material necessary to demonstrate that the contentions it raises on appeal were also raised below."). *See generally Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) ("[T]he general rule that an appellate court will not consider an issue raised for the first time on appeal applies.").

Second, and more significantly, our review is greatly hobbled by Ms. Burnett's failure to file many of the underlying exhibits that supported the

parties' arguments regarding the motions for summary judgment. The parties rely upon the evidence that apparently was in these exhibits in their arguments on appeal. However, the failure to provide us with numerous relevant exhibits violates 10th Cir. R. 10.3(A), 10th Cir. R. 10.3(D)(2), and 10th Cir. R. 30.1(A)(1). Rule 10.3(D)(2) specifically requires that "relevant portions of affidavits, depositions and other supporting documents . . . filed in connection with" the summary judgment motions be included.

Further, and most troubling, the district court expressly relied on at least three of the missing exhibits in granting summary judgment for SWBT. For example, in both summary judgment orders the district court quotes extensively from an e-mail Ms. Burnett's manager sent to two other supervisory employees less than two weeks prior to Ms. Burnett's termination. This e-mail summarizes Ms. Burnett's attendance and disciplinary history with SWBT, and both parties refer to this e-mail in their arguments to this Court regarding whether there was a genuine dispute over the material issue of the supervisors' retaliatory intent. However, Ms. Burnett did not include this e-mail in her appendix. Absent provision of this and the other exhibits, we are unable to verify their contents or glean an understanding of the context of the language from the exhibits that the district court quotes in its orders.[1]

---

[1]     Although an appellee has no parallel duty to produce an appendix, it
(continued...)

Without the parties' summary judgment exhibits, appropriate review of the district court's orders is not possible, because we do not have important evidence the district court considered when deciding that SWBT was entitled to summary judgment. *See Milligan-Hitt*, 523 F.3d at 1232 ("If the defendant wishes us to review the district court's conclusion that he violated the Constitution, he should have put evidence into the appendix that would allow us to review the challenged decision."); *Travelers Indem. Co.*, 340 F.3d at 1121 ("The failure of both appellant and cross-appellant to include in the appendix the document that controls the resolution of the issues on appeal—the Travelers insurance policy issued to Autobody—deprives them of the right to challenge the judgment of the district court."). While we could access fairly readily the motions, responses, and replies discussed above on the district court's electronic filing system or

---

[1](...continued)

may supplement the appellant's filing with its own. 10th Cir. R. 30.2(A)(1). SWBT did file a supplemental appendix, but it does not contain the relevant pleadings nor all of the missing exhibits. Thus, the additional appendix did not remedy Ms. Burnett's omission such that we could proceed to reach the merits of this case relying on these appendices. *Cf. Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 n.19 (10th Cir. 2003) (reversing a grant of summary judgment despite appellants' "inexcusabl[e]" "failure to meet basic standards" and to include underlying pleadings in the record when "[i]n many instances, appellants' record-designation deficiencies were bailed out by the appellees themselves"); *MacArthur v. San Juan County*, 309 F.3d 1216, 1218 (10th Cir. 2002) ("This being an appeal from a Fed.R.Civ.P. 12(b)(6) dismissal for the complaint's failure to state a claim upon which relief may be granted, Rule 30(a)(1)(B) requires, at a minimum, inclusion in the appendix of the complaint at issue. Were it not for *appellees*' submission of the complaint, we would be inclined to affirm the district court's dismissal on this basis alone." (citation omitted)).

otherwise, should we choose to do so, *see Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 n.13 (10th Cir. 2007); *Steele v. Thiokol Corp.*, 241 F.3d 1248, 1250 n.1 (10th Cir. 2001), the essential supporting exhibits were filed under seal in the district court. The sealed nature of the exhibits means that even this Court is precluded from accessing them absent a specific request to the district court clerk's office. Although the parties do not specifically dispute the contents of the missing exhibits, we are not inclined to consider reversing the district court based upon the parties' tacit assurances that we have before us all of the relevant matter—for example, the language from the missing exhibits that the district court quoted in its orders. *See Travelers Indem. Co.*, 340 F.3d at 1120 ("The parties apparently believe that only four words of that policy language are relevant to the appeal and cross-appeal before us. . . . We are unwilling to reverse the decision of the district court based on a guess—even what we may think to be an informed guess—regarding the content of the policy."). Indeed, because the exhibits are filed under seal, we cannot even discern the nature, and thus relevancy, of many of the missing exhibits as they lack descriptive titles on the docket sheet.

This Court is not obligated to remedy these failures by counsel to designate an adequate record. 10th Cir. R. 10.3(B); 10th Cir. R. 30.1(A)(3); *see Rios*, 67 F.3d at 1553. Our procedural rules should not be considered "empty gestures," as "[w]e have repeatedly enforced them." *Travelers Indem. Co.*, 340 F.3d at 1121 (citing cases). Appellate review of the issues raised by Ms. Burnett is not

possible without reference to the absent materials. *Milligan-Hitt*, 523 F.3d at 1232. As we have warned parties many times, we regularly decline to hear claims predicated upon record evidence not included in the appendix. We likewise decline to do so here and, therefore, are constrained to affirm. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

## CONCLUSION

Ms. Burnett's failure to include in the appendix documents that control the resolution of the issues on appeal—the evidence she presented to the district court in an effort to demonstrate genuine issues of material fact—deprives her of the right to challenge the judgment of the district court. Because the record before us is insufficient to permit us to appropriately review the district court's summary judgment decisions, we summarily **AFFIRM** its grant of summary judgment on the FMLA and ERISA claims.