FILED
United States Court of Appeals
Tenth Circuit

August 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHERINE TILLEY,

      Plaintiff-Appellant

v.

DIRK MAIER, FRED CHOLICK,
DUANE NELLIS, and KIRK H.
SCHULZ, in their individual capacities,

      Defendants-Appellees.

No. 11-3384
(D.C. No. 2:10-CV-02206-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Katherine Tilley appeals from the district court's dismissal of her 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Ms. Tilley made the following allegations in her second amended complaint. She began working as an assistant professor in the Department of Grain Science & Industry at Kansas State University (KSU) in 1996, and she was awarded tenure as an associate professor in 2002. In 2004, she notified the head of her department that she had developed a pulmonary condition resulting from her exposure to flour dust while working at KSU. Over the next four years, she worked with representatives and agents of defendants developing several plans to accommodate her condition.

During the 2008-2009 academic year, Ms. Tilley worked from home, conducting academic research and co-authoring an academic article. On December 5, 2008, defendant Dirk Maier sent Ms. Tilley a letter stating that her sick and vacation leave would be applied to her absences. On January 21, 2009, Ms. Tilley's physician sent defendant Maier a letter regarding Ms. Tilley's medical condition. On February 29, defendant Maier sent a letter to Ms. Tilley's physician requesting clarification concerning Ms. Tilley's medical condition. On March 30, defendant Maier sent Ms. Tilley a letter advising her that she had exhausted her sick and vacation leave and was now on unpaid status.

On April 1, Ms. Tilley's attorney sent a letter to the KSU attorney's office demanding that the university replenish Ms. Tilley's sick and vacation leave. On April 17, Ms. Tilley received a letter from defendants Maier and Fred Cholick, which stated: "[i]t appears you have abandoned your position and have discontinued

communications with your employer." Aplt. App. at 69 (internal quotation marks omitted). On April 20, defendant Maier sent Ms. Tilley a letter informing her that her resignation had been processed.

On September 23, Ms. Tilley sought to appeal her termination pursuant to KSU's policies regarding termination of tenured faculty members. On October 1, she was informed by counsel for KSU that she was not eligible for any grievance procedure for terminated professors because she had resigned.

Based on these factual allegations, Ms. Tilley brought a claim for breach of contract as well as constitutional claims for violations of substantive and procedural due process. Defendants filed a motion to dismiss. The district court granted the motion. The court noted that Ms. Tilley had conceded that she could not maintain a breach-of-contract claim against defendants. On the remaining claims, the court concluded that defendants were entitled to qualified immunity. Ms. Tilley appeals.

II.

Ms. Tilley's sole contention on appeal is that the district court erred in granting defendants' motion to dismiss one of her procedural due process claims.[1] We review de novo the district court's decision to grant a motion to dismiss based on qualified immunity. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

---

[1] Ms. Tilley brought two distinct due process claims—one for deprivation of a property interest and one for deprivation of a liberty interest. She does not challenge the district court's dismissal of her liberty-interest claim. Further, she does not challenge the district court's dismissal of her substantive due process claim.

- 3 -

In reviewing a motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id*. (internal quotation marks omitted). A court may "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997).

Defendants asserted in their motion to dismiss that they were entitled to qualified immunity on Ms. Tilley's procedural due process property-interest claim.[2] To defeat the assertion of qualified immunity, a plaintiff must demonstrate that (1) the facts alleged "make out a violation of a constitutional right"; and (2) "the right at issue was 'clearly established' at the time of the . . . alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

A procedural due process claim requires (1) "a protected property interest," and (2) deprivation of that interest without "an appropriate level of process." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006). The district

---

[2] Our review is somewhat hampered by Ms. Tilley's failure to comply with this court's rules and attach the relevant documents from the district court record. *See* 10th Cir. R. 10.3(D)(2), 30.1(A)(1). Although her appendix includes a copy of the defendants' two-page motion to dismiss, it does not include a copy of the memorandum in support of the motion or her response in opposition to the motion.

court assumed that Ms. Tilley had a cognizable property interest, but the court concluded that "she ha[d] not alleged facts indicating that she was deprived of that property interest without an appropriate level of process." Aplt. App. at 86. We agree.

Ms. Tilley alleged that defendants Maier and Cholick classified her employment as "abandoned" without any notice to her; defendants Nellis and Schulz upheld that decision, thereby depriving her of a property interest without due process; and all of the defendants violated her due process rights by denying her an opportunity for a hearing.

Due process requires notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). We consider defendants' conduct based on the allegations in the complaint and the letters referenced in Ms. Tilley's complaint. [3] We may consider these letters because they were referenced in the complaint, are central to Ms. Tilley's claims, and their authenticity has not been disputed. *See Smith*, 561 F.3d at 1098. These properly considered letters contradict Ms. Tilley's assertion that she did not receive "any" notice that defendants were going to consider her position "abandoned" and that she did not receive an

---

[3] These letters were attached to defendants' memorandum in support of the motion to dismiss. As noted, Ms. Tilley's appendix is deficient and did not contain this memorandum or the attached exhibits, but we may consider any document that is part of the district court record even when it has not been provided in the appendix. *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 907-08 (10th Cir. 2009).

opportunity to be heard. We therefore conclude that those allegations are not entitled to an assumption of truth. *See GFF Corp*., 130 F.3d at 1385.

On December 5, 2008, defendant Maier notified Ms. Tilley that the department considered her to be absent from her work site without approval and was going to apply her sick and annual leave towards her absences. On February 23, 2009, defendant Maier requested clarification from Ms. Tilley's physician about Ms. Tilley's health condition and whether she could perform her essential job functions. On March 30, defendant Maier notified Ms. Tilley that she had exhausted all of her leave. He also gave her the opportunity to respond by requesting that she "[p]lease contact [him] at her earliest convenience to schedule a meeting . . . regarding [her] intentions concerning [her] return to work." R., Doc. 54-1 at Ex. C.

On April 17, defendants Maier and Cholick sent Ms. Tilley a letter noting that her physician had indicated that Ms. Tilley had withdrawn permission to communicate with the university regarding her medical condition. The letter also indicated that Ms. Tilley had "not responded to . . . recent phone and email messages or [the] March 30 letter." *Id*. at Ex. D. The letter concludes: "At this point in time, it appears you have abandoned your position and have discontinued communications with the University as your employer. Therefore, we are treating your actions as a resignation and will prepare the paperwork accordingly." *Id*. On April 20, defendants sent Ms. Tilley a letter notifying her that her resignation had been processed.

Ms. Tilley does not allege in her complaint that she ever directly called, emailed, or contacted defendants during this time period. The sole communication from Ms. Tilley during this time did not come from her directly and was not sent to any of the named defendants—it is an April 1 letter from her attorney to Richard Seaton in the KSU attorney's office demanding that her sick and vacation leave balances be replenished and threatening legal action if KSU did not comply. Ms. Tilley does not allege in her complaint that she took any steps to communicate with the university after she received the April 17 letter and before her resignation was processed on April 20.

Under these circumstances, Ms. Tilley has not alleged sufficient facts to show that she did not receive adequate notice and an opportunity to be heard. The December 2008, January 2009, and March 2009 letters put her on notice that the university did not consider her to be actively working (even though she considered herself to be working), that she had exhausted all of her leave, and that they needed further clarification from her physician regarding her medical condition and whether she could perform the essential functions of her job. The March letter gave her an opportunity to be heard on these matters, specifically requesting that she contact defendant Maier to set up a meeting to discuss her intentions regarding her return to work.

When she did not respond to any of these communications directly, she was given explicit notice in the April 17 letter that her position was being deemed

abandoned. She did not take the opportunity to rebut this assertion before her resignation was processed on April 20. Ms. Tilley argues in her opening brief "[a]t which point in time, between these two dates, could [she] have had ample time to reply?" Aplt. Br. at 12. But Ms. Tilley did not allege in her complaint that she did not have ample time to respond to the April 17 letter and therefore it cannot form the basis for any alleged due process violation. And, in any event, due process does not require a "delay between the notice and the opportunity to respond accorded to the public employee." *Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir. 1989) (internal quotation marks omitted).[4]

Even if we were to consider defendants' conduct to be constitutionally deficient, they did not violate clearly established law. "When a clearly established right depends on the application of a general principle of law to a particular set of facts, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cordova v. Aragon*, 569 F.3d 1183, 1192 (10th Cir. 2009) (internal quotation marks omitted). In her opening brief, Ms. Tilley argues that defendants violated clearly established law because they

---

[4] In *Powell*, a supervisor confronted an employee face-to-face about alleged misconduct. The employee admitted to the conduct and the supervisor informed him that he was going to be terminated. The employee alleged that he did not receive notice and an opportunity to be heard. We concluded that the employee received oral notice of the charge when he was confronted by his supervisor in the face-to-face meeting and that the employee had the opportunity at that time to rebut the charge against him. We noted that it was the employee who ended the conversation once he had been informed he was going to be terminated. We therefore concluded that the employee had chosen not to exercise his opportunity to be heard.

"should have known that it was unlawful and contrary to [the] KSU University Handbook, Appendix C, Academic Freedom and Tenure, not to provide notice and opportunity to respond prior to terminating the employment of a tenured professor and depriving her of her property interest without due process." Aplt. Br. at 14.

First, any alleged violations of the university's policies cannot support a claim that defendants violated clearly established law. *See de Llano v. Berglund*, 282 F.3d 1031, 1035 (8th Cir. 2002) (holding that "federal law, not state law or [university] policy, determines what constitutes adequate procedural due process."). Second, we cannot agree that a reasonable official given the circumstances in this case would think that his conduct violated Ms. Tilley's due process rights. As the district court explained in its dismissal order, "[Ms. Tilley] failed to identify any case law . . . establishing what process is due before a government employer deems an employee to have abandoned her position" and she also failed "to identify any case law indicating that the process provided to her by defendants including the form of the letters . . . was deficient." Aplt. App. at 86.

Accordingly, we AFFIRM the district court's decision to grant defendants' motion to dismiss on the basis of qualified immunity.

Entered for the Court


Wade Brorby
Senior Circuit Judge

- 9 -