**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARGRET FRANCOEUR, on behalf of
herself and all others similarly situated,

     Plaintiff - Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION;
CHARTER BANK; BEAL FINANCIAL
CORPORATION; LITTLE &
DRANTTEL, P.C.,

     Defendants - Appellees.

No. 15-2016
(D.C. No. 2:11-CV-00387-JCH-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

     Margret Francoeur appeals the district court's dismissal of her claims.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

**I**

     Francoeur's claims relate to state-court foreclosure proceedings on her home in

Hobbs, New Mexico.  Her mortgage originated with Charter Bank (Santa Fe) ("Old

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Charter Bank") and was later assumed by defendant U.S. Bank National Association ("U.S. Bank") when the Office of Thrift and Supervision closed Old Charter Bank in January 2010. The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver and transferred some, but not all, of Old Charter Bank's assets to defendant Charter Bank (Albuquerque) ("New Charter Bank"). Defendant Beal Financial Corporation ("Beal") is the parent corporation of New Charter Bank. Defendant Little & Dranttel, P.C., is the law firm that began representing U.S. Bank in the foreclosure action in March 2010.[1]

Old Charter Bank brought a foreclosure action against Francoeur in state court and obtained a default judgment. Francoeur's home was subsequently sold at auction. Although she filed a motion to set aside the default judgment and to vacate the foreclosure sale, the state courts denied her requests.

During the pendency of the state court proceedings, Francoeur filed the underlying complaint in federal district court. She brought claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), and pled state-law claims for fraud, unjust enrichment, and breach of contract. The district court dismissed the claims against U.S. Bank and Little & Dranttel, and entered summary judgment in favor of New Charter Bank and Beal. Francoeur filed a motion to alter or amend the judgment, arguing that the court should have stayed, rather than dismissed, the action based on abstention principles.

---

[1] After the complaint in this suit was filed, Little & Dranttel, P.C., changed its name to Rose L. Brand & Associates. We refer to the firm as Little & Dranttel for the purposes of this decision.

The district court granted the motion, reopened the case, and stayed the proceedings. After the state proceedings ended, the district court entered judgment in favor of all defendants on all claims. Francoeur timely appealed.[2]

**II**

New Charter Bank and Beal argued in a summary judgment motion that all four claims against them were predicated on the incorrect assumption that New Charter Bank or Beal was the owner and/or servicer of Francoeur's loan following the FDIC's takeover of Old Charter Bank. Their motion was supported by two affidavits. Francoeur did not respond individually to any of the asserted undisputed facts in the motion, nor did she support her response with any factual assertions. Instead, she challenged the admissibility of the affidavits and attached an affidavit from her attorney requesting discovery pursuant to Fed. R. Civ. P. 56(d). The district court rejected both of Francoeur's arguments and granted summary judgment.

We review for abuse of discretion a district court's evidentiary rulings at the summary judgment stage, Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006), and a district court's denial of a Rule 56(d) request for

---

[2] Our rules require that an appellant "file an appendix sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(B)(1), and if an appeal is from an order disposing of a motion, "the motion . . . and any responses and replies filed in connection with that motion or pleading must be included in the record," 10th Cir. R. 10.3(D). Francoeur's appendix does not include many of the required documents. Such failures could have resulted in a summary affirmance. See Burnett v. Sw. Bell Tel., L.P., 555 F.3d 906, 909-10 (10th Cir. 2009). But most of the documents were included in the defendants' supplemental appendices and we exercised our discretion to view others on the district court's electronic docket. We admonish Francoeur for failing to provide a proper appendix.

discovery, Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1192 (10th Cir. 2015).

We review de novo the district court's grant of summary judgment in favor of New

Charter Bank and Beal. Ron Peterson Firearms, LLC v. Jones, 760 F.3d 1147, 1154

(10th Cir. 2014). Summary judgment is appropriate "if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a).

Francoeur argues that the district court erred in crediting factual assertions

from the affidavits because they violated Rule 1002 of the Federal Rules of Evidence

(also known as "the best evidence rule"). But "[a]t the summary judgment stage,

evidence need not be submitted in a form that would be admissible at trial." Argo,

452 F.3d at 1199 (quotation omitted). An affidavit may be used to support a motion

for summary judgment if it is "made on personal knowledge, set[s] out facts that

would be admissible in evidence, and show[s] that the affiant . . . is competent to

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). We agree with the district

court that Francoeur's Rule 1002 argument does not render the affidavits

inadmissible because the affidavits were based on personal knowledge and were not

offered to prove the contents of a document.

Francoeur also contends that the district court erred in failing to grant her Rule

56(d) request for discovery. "In this circuit, a party seeking to defer a ruling on

summary judgment under [Rule 56(d)] must provide an affidavit explaining why facts

precluding summary judgment cannot be presented." Valley Forge Ins. Co. v. Health

Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010) (quotation and

4

alteration omitted).  The affidavit should address:  "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."  Id. (quotation omitted). Because Francoeur's attorney failed to explain in his Rule 56(d) affidavit what attempts he had made to obtain the information he claimed required further discovery, we conclude the district court did not abuse its discretion by denying further discovery.[3]

As noted above, Francoeur failed to address any of New Charter Bank or Beal's factual assertions.  The district court accordingly considered defendants' facts undisputed.  See Fed. R. Civ. P. 56(e).  It further held that New Charter Bank and Beal were entitled to summary judgment on the merits of all the claims against them. We agree.  On Francoeur's TILA and unjust enrichment claims, the undisputed facts showed that New Charter Bank and Beal did not receive any funds as a result of Francoeur's mortgage and foreclosure.  On the fraud and breach-of-contract claims, the undisputed facts showed that New Charter Bank and Beal played no role in Francoeur's mortgage, and there was no evidence of the existence of a contract.

---

[3] Francoeur also complains that the district court's prior stay of discovery prevented her from obtaining information necessary to defend against the summary judgment motion.  But Francoeur filed a joint motion along with the defendants to stay discovery pending resolution of the defendants' dispositive motions.  The district court simply granted the parties' joint motion.

5

We thus affirm the district court's decision to grant summary judgment in favor of New Charter Bank and Beal on all of the claims brought against them.[4]

### III

Francoeur alleged that U.S Bank and Little & Dranttel violated the FDCPA by improperly demanding and collecting excessive attorneys' fees, late fees, and other costs and expenses.[5] The district court dismissed this claim. After reopening proceedings following the state court action, the district court further determined that res judicata barred Francoeur's FDCPA claim.

We review de novo the district court's determination that res judicata applies. See MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005). We apply the res judicata law of the state from which the judgment issued in determining whether that judgment has preclusive effect in federal court. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982). Under New Mexico law, "[c]laim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action." Bank of Santa Fe v. Marcy Plaza Assocs., 40 P.3d 442, 445 (N.M. Ct. App. 2001). It bars not only claims that were raised previously, but also claims that could have been raised in the prior action. Kirby v. Guardian Life Ins. Co., 231 P.3d 87, 105 (N.M.

---

[4] Because we affirm the dismissal of these claims on the merits, we need not address other rationales offered by the district court.

[5] Although Francoeur asserted additional claims against these entities, she did not include any argument about those claims in her opening brief. We thus do not consider those claims. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) (arguments not raised in an opening brief are waived).

6

2010).  A party asserting res judicata must make the following showing with respect to the two actions:  (1) the same parties or parties in privity; (2) the same subject matter; (3) a final decision in the first action; and (4) the first decision was on the merits.  Id.  In addition, a party must have had a full and fair opportunity to litigate the claim in the first action for res judicata to apply.  Id.

As part of the state court foreclosure proceedings, the state court appointed a Special Master to sell Francoeur's home.  After he sold the home, he issued a Special Master's Report of Sale.  Based on reports from Old Charter Bank that it had incurred or would incur additional charges, the Special Master further requested that the court award Old Charter Bank $5,774.57 in additional attorneys' fees, miscellaneous fees, and other costs.  The state court confirmed the Special Master's Report and disbursed the fees and costs to Old Charter Bank.[6]  Although Francoeur subsequently filed a motion to set aside the default judgment and vacate the foreclosure sale of her home, she did not challenge the award of fees and costs in the Special Master's Report.  After holding a hearing on the motion to set aside the default judgment, the state court denied the motion and upheld the foreclosure sale. The state court of appeals affirmed that decision.  See Charter Bank v. Francoeur, 287 P.3d 333, 335 (N.M. Ct. App. 2012).

_____

[6] The district court found that U.S. Bank and Little & Dranttel were in privity with Old Charter Bank because they took over servicing of the loan and took action in the state-court proceedings to foreclose and collect on Franceour's mortgage that had originated with Old Charter Bank.  Their actions in the state-court foreclosure proceedings form the basis of Francoeur's federal suit and she does not challenge the district court's privity determination.

7

Francoeur argues that the district court erred in concluding that res judicata bars her claims because the subject matter of the state action differed from her federal suit and she did not have a full and fair opportunity to litigate her claims in state court. We disagree.

To determine whether two actions involve the same subject matter, New Mexico courts apply the test from the Restatement (Second) of Judgments. See Brooks Trucking Co. v. Bull Rogers, Inc., 128 P.3d 1076, 1079 (N.M. Ct. App. 2006). They "consider (1) the relatedness of the facts in time, space, origin, or motivation; (2) whether, taken together, the facts form a convenient unit for trial purposes; and (3) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." Id. (quotation omitted).

The fees that Francoeur challenges in her FDCPA claim are the same fees that were awarded by the state court's final order. The facts related to the reasonableness of the fees in the state action are the same facts relevant to Francoeur's allegation in the federal action that defendants violated the FDCPA. We agree with the district court that the claims are thus related in time, space, and origin, and form a convenient trial unit with the foreclosure action. See In re Richards, 986 P.2d 1117, 1121 (N.M. 1999) (noting that under principles of res judicata "the issue of the reasonableness of [a lender's] attorney's fees ha[s] to be raised in the foreclosure suit"); Moffat v. Branch, 118 P.3d 732, 739 (N.M. Ct. App. 2005) (stating that parties reasonably expect "any and all controversies over attorney fees be litigated fully in the . . . court where the lawsuit and settlement are being reviewed").

8

We also agree with the district court that Francoeur had a full and fair opportunity to litigate her claim in the state-court foreclosure action. She could have raised the reasonableness of the attorney's fees in her motion to set aside the default judgment and vacate the foreclosure sale. Cf. Potter v. Pierce, 342 P.3d 54, 61 (N.M. 2015) (concluding that petitioner should have brought his claim in his earlier bankruptcy proceeding, and noting that "[e]ven after the entry of [final] judgment, Petitioner had the opportunity to move for a new trial, to move to alter or amend the judgment, or to appeal"). In her motion, Francoeur challenged the low sale price for her home. She learned of the sale price in the same Special Master's Report that awarded additional attorneys' fees and costs. Francoeur does not offer any explanation as to why she neglected to raise the fee issue when she raised other challenges to the foreclosure proceedings. We thus affirm the district court's res judicata ruling as to Francoeur's claims against U.S Bank and Little & Dranttel.[7]

**IV**

For the foregoing reasons, we **AFFIRM** the district court's judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[7] Because we conclude that the district court properly dismissed Francoeur's claims on res judicata grounds, we need not address the district court's alternative rationale that the claims lacked plausibility and were subject to dismissal under Fed. R. Civ. P. 12(b)(6).

9