FILED
United States Court of Appeals
Tenth Circuit

April 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TROY R. ARRINGTON, II,

    Plaintiff - Appellant,

v.

TIMOTHY R. CHAVEZ,

    Defendant - Appellee.

No. 15-1019
(D.C. No. 1:12-CV-00172-LTB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

    Troy Arrington, II, sued Timothy Chavez for negligence after they were involved in a car accident in Durango, Colorado. A jury found Chavez was not negligent, and the district court entered judgment in his favor. Arrington appeals and we summarily affirm.

    Both parties are represented by counsel on appeal. Therefore, under this Court's rules, it is the appellant's duty to file an appendix that serves as the record on appeal. See 10th Cir. R. 10.2(B), 30.1(B)(1); see also Milligan-Hitt v. Bd. of Trs.,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

523 F.3d 1219, 1231 (10th Cir. 2008) ("[I]n this Circuit we leave the record on appeal in the district court and rely primarily on an appendix that the parties are obligated to produce, containing the relevant parts of the record."). The appellant's appendix must be "sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(B)(1). "If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix." Milligan-Hitt, 523 F.3d at 1231; see also 10th Cir. R. 30.1(B)(3).

Arrington first challenges the district court's exclusion of a fact witness for being untimely disclosed. The appendix contains Chavez's motion to strike the untimely disclosures, as well as the response and the reply. But it contains only some of the exhibits attached to the response and none of the exhibits attached to the motion or the reply. It is unclear why some exhibits were included and others were excluded; perhaps counsel considered the omitted materials irrelevant. Cf. 10th Cir. R. 10.3(D)(2) (requiring a record on appeal to include "relevant portions of affidavits, depositions and other supporting documents"). But "we are not inclined to consider reversing the district court based upon the parties' tacit assurances that we have before us all of the relevant matter." Burnett v. Sw. Bell Tel., L.P., 555 F.3d 906, 910 (10th Cir. 2009).

Second, Arrington asserts that the district court erred in admitting the testimony of an expert witness. The appendix contains Arrington's motion to

2

exclude the expert's testimony, but it does not contain any response or reply.[1]

Similarly, the appendix presents a supplement to the motion, but no response or reply. Such filings are required to be included in a record on appeal, see 10th Cir. R. 10.3(D)(2), and omitting them leaves us unable to evaluate the arguments made before the district court, see Burnett, 555 F.3d at 908. The appendix also omits a transcript of the expert's trial testimony, so there is no information regarding the content of the actual testimony and whether Arrington preserved any objections. The appendix does contain various documents that appear to relate to this expert, but those documents are not presented in any identifying way. They are not file-stamped and it is unclear how or when they were presented to the district court. See 10th Cir. R. 30.1(D)(2) ("Documents in the appendix should show the district court's electronic stamp."). For these reasons, the appendix does not permit an adequate review of the decision to admit the defense expert's testimony.

Third, Arrington challenges the exclusion of his two expert witnesses. The appendix contains copies of Chavez's motion to strike or limit their testimony, as well as copies of the response and the reply. But, as with the materials relating to Arrington's fact witness, the appendix does not include any of the exhibits supporting the motion and the reply. Additionally, as with the defense expert, the appendix

---

[1] The original appendix also failed to include a copy of the transcript of the district court's hearing on Arrington's motion, during which the district court gave its reasons for denying the motion. See 10th Cir. R. 10.3(C)(3) (requiring a record on appeal to contain transcripts of oral rulings). Arrington, however, subsequently submitted that transcript to this court with a motion for leave to file a supplemental appendix. We grant the motion to file the supplemental appendix, but it addresses only a small part of the problem.

includes materials that may relate to these experts, but without any indication of how or when they were presented to the district court. For the reasons already discussed, the appendix is inadequate to review the district court's decision to exclude Arrington's expert witnesses.

Finally, Arrington asserts, without any further discussion, that "[Chavez] may be cross-examined as to a statement he made under oath to impeach his credibility." Such conclusory assertions are waived for inadequate briefing. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). Even if this issue were not waived, the appendix does not include the relevant motion, response, and reply. Further, a document identified as a transcript of a 2009 hearing (presumably in state court) is presented without any indicia of authenticity or any information about how or when it was presented to the district court.

"[A]n appellant who provides an inadequate record does so at his peril." Burnett, 555 F.3d at 908. The appendix before us is so inadequate that we will not overlook or remedy its deficiencies. See Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal."). As a result, we summarily affirm the district court's judgment. See Burnett, 555 F.3d at 910.

Chavez's request for sanctions, asserted at the end of his response brief, is **DENIED** as the request was not made in a separately filed motion as required by

4

Fed. R. App. P. 38.[2]   Arrington's motion for leave to file a supplemental appendix is

**GRANTED**.  The judgment of the district court is **AFFIRMED**.


                                        Entered for the Court


                                        Carlos F. Lucero
                                        Circuit Judge

---

[2]     Chavez also asserts that Arrington failed to provide an adequate appendix regarding damages.  We need only consider the adequacy of the appendix as to Arrington's liability arguments because damages issues are irrelevant when there are no grounds to reverse on liability.