FILED
United States Court of Appeals
Tenth Circuit

December 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YASMIN MONTANO,

     Plaintiff - Appellant,

v.

MEGAN J. BRENNAN, Postmaster
General,

     Defendant - Appellee.

No. 17-2053
(D.C. No. 1:14-CV-00634-WJ-GJF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Yasmin Montano brought this action against the Postmaster General under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17 (Title VII),

alleging that her supervisors at the United States Postal Service (USPS) had illegally

discriminated against her based on her gender and had retaliated against her for

complaining about the discrimination. The district court granted summary judgment

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to the Postmaster General on both her discrimination and retaliation claims. Ms. Montano appeals, and we affirm.

## BACKGROUND

Our review is hindered by an inadequate appendix. An appellant is required to file "an appendix sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(B)(1). We need not remedy counsel's failure to provide an adequate appendix. *See id.* R. 30.1(B)(3).

Ms. Montano's appendix does not contain any of the evidence submitted to the district court in connection with the summary-judgment motions. She argues she was not required to include these materials. She is wrong. *See id.* R. 10.3(D)(2) ("When the appeal is from an order disposing of a motion . . . , relevant portions of affidavits, depositions and other supporting documents . . . filed in connection with that motion or pleading . . . must be included in the record."); *id.* R. 30.1(B)(1) ("The requirements of Rule 10.3 for the contents of a record on appeal apply to appellant's appendix."); *see also Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 909 (10th Cir. 2009) ("Without the parties' summary judgment exhibits, appropriate review of the district court's orders is not possible, because we do not have important evidence the district court considered when deciding that [the defendant] was entitled to summary judgment.").

Ms. Montano has filed a motion to supplement the appendix. She again argues that her appendix is sufficient, but she requests leave to supplement it if necessary.

2

The motion does not attach the materials with which Ms. Montano wishes to supplement the appendix.

Ms. Montano has failed to show good cause for her failure to produce an adequate appendix. *See* Fed. R. App. P. 2 (authorizing court of appeals to suspend rules for good cause shown). We deny her motion to supplement. But we also decline the Postmaster General's request to summarily affirm the district court's summary-judgment orders. We will instead adopt the facts on which the district court relied in its summary-judgment decisions.

These facts show Ms. Montano began working for the USPS in June 1985. She served as a Manager of Postal Operations (MPOO) for nine years within the New Mexico District. In 2010 the New Mexico District was consolidated into the Arizona District and her position was eliminated.

Ms. Montano was not hired as an MPOO in the consolidated Arizona District. Instead, she was hired on July 11, 2011, as the Postmaster of Santa Fe, New Mexico. Mike Flores, a former fellow MPOO, became her supervisor in her Postmaster position.

**Hostile Work Environment**

Ms. Montano complains that once he became her supervisor, Mr. Flores began a campaign of sex discrimination and sexual harassment against her, which created a hostile work environment.[1] She alleges he "mimic[ked her] voice and demeanor in a

---

[1] Ms. Montano's opening brief omits many instances of alleged harassment that formed the basis for her claim in district court. We will consider only those

3

negative and condescending manner." Aplt. Opening Br. at 4. He "change[d] his voice to a very high-pitched type victim-type voice after he spoke to Ms. Montano on the phone or in person, but outside of her presence." *Id.* He called her names, like "Yazzie," in spite of her request that she refrain from doing so. He also advised another USPS employee, during a meeting, to "take a Yaz Pill," meaning that employee should calm down. *Id.* at 5, 12.

Ms. Montano also alleges that between October 2012 and May 2013, Mr. Flores imposed three fact-finding interviews on her. She argues such interviews "were considered disciplinary and subjected individuals to scrutiny and likely discipline." *Id.* at 5. As the district court explained, "A fact-finding interview includes a written notice of alleged deficiencies, the opportunity to have a representative present, and the potential for discipline." Aplt. App. at 178. Ms. Montano considered these interviews to be a form of harassment.

From March to July 2013, while Mr. Flores was absent, Mr. Trujillo supervised Ms. Montano. She claims he "repeatedly threatened to fire her, and required her to work during her medical leaves of absence." Aplt. Opening Br. at 6. When he assumed his duties as Acting MPOO on June 6, 2013, he "immediately issued a Letter of Warning against Ms. Montano." *Id*. She took leave under the

---

incidents she relies upon in her opening brief to demonstrate the existence of a hostile work environment. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (issues not raised or inadequately presented in opening brief are forfeited); *cf. Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1317 n.11 (10th Cir. 2017) (noting counsel's citation at oral argument to district-court exhibit describing adverse employment actions, and stating that "[t]o the extent the list contains any actions not raised in her opening brief, we decline to consider them.").

Family and Medical Leave Act shortly thereafter, and Mr. Trujillo required her "to return her USPS phone and other USPS equipment, while she was on sick leave." *Id.*

**Retaliation**

Ms. Montano filed two discrimination charges with the Equal Employment Opportunity Commission (EEOC). She filed her first charge in January 2012, alleging race, color, and sex discrimination and harassment. She rescinded that charge on February 13, 2012, and she seeks no relief based on sex discrimination or sex harassment before that date. On March 6, 2013, she filed a second EEOC charge, alleging race, color, sex, and age discrimination and harassment and retaliation based on her prior EEOC activity. She amended her second charge on April 22 and August 19, 2013. The EEOC issued a final agency decision on April 24, 2014, finding no evidence of discrimination, retaliation, or a hostile work environment.

Ms. Montano argues that she was subjected to a hostile work environment in retaliation for her EEOC activity. She provides examples of actions she claims Mr. Flores and Mr. Trujillo took in retaliation against her, many of which overlap the allegations that support her discriminatory hostile-work-environment claim. She asserts:

> [A]fter the first EEOC charge in 2012, Flores wielded power over Ms. Montano and subjected her to additional [fact-finding interviews], called her names, mimicked her voice, threatened to fire her, and issued a Letter of Warning (signed by Flores and submitted by Trujillo) over several years. Upon Flores relinquishing his supervisory position to Trujillo, he ordered Trujillo to impose discipline on Ms. Montano. Trujillo did so without objection, and thereafter continued to impose fact finding investigations, and removed Ms. Montano's access to work related materials. After the second EEOC charges were filed, Ms. Montano was

5

subjected to additional fact finding requests, and still belittled, disrespected and yelled at by Trujillo.

Aplt. Opening Br. at 16-17 (record citations omitted).[2]

**District Court's Decisions**

The district court granted summary judgment on Ms. Montano's sexual-harassment claim, reasoning that the incidents she complained of, "even when considered together," could not be "considered sufficiently severe or pervasive to alter the conditions [of her] employment and create an abusive working environment," Aplt. App. at 186, and that she had also failed to show that the alleged mistreatment was based on her gender. It also granted summary judgment on her retaliation claim. It ruled that Ms. Montano had largely failed to establish a prima facie retaliation case because many of the events she described did not constitute adverse employment actions and because she had failed to establish a causal connection between her protected activity and the adverse actions, with the exception of Trujillo's letter of warning. The court further reasoned that even assuming she had presented a prima facie case of retaliation, the Postmaster General had articulated legitimate, nonretaliatory reasons for the supervisors' actions, and she failed to show these reasons were pretextual. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (describing burden-shifting framework used in discrimination and retaliation cases relying on circumstantial evidence).

---

[2] As with her harassment claim, Ms. Montano's opening brief does not mention several of the allegedly retaliatory incidents on which she relied in district court. We therefore decline to assess whether those incidents would permit her to avoid summary judgment on her retaliation claim.

## DISCUSSION

"We review de novo a district court's grant of summary judgment and must view the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (internal quotation marks omitted). As noted above, we will accept the district court's factual recitation because Ms. Montano has not provided an adequate appendix. We will affirm a grant of summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**Hostile-Work-Environment Claim**

To establish a prima facie case of a hostile work environment, Ms. Montano "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Bird*, 832 F.3d at 1205 (brackets and internal quotation marks omitted). In addition, the "severe and pervasive harassment" must have been based on her gender. *Id.*

We agree with the district court that even assuming that the incidents relied on by Ms. Montano could be described as severe and pervasive, she has failed to allege facts showing that they were gender-based. In an attempt to make the required gender-based showing, she points to the following facts: (1) Mr. Flores called her names such as "Yaz" or "Yazzie"; (2) he told employees to take a "Yaz pill"; (3) he

7

used a high-pitched voice to mimic her voice to other employees; and (4) he threatened her with termination and "acted generally unprofessional and offensive in front of other USPS employees and subordinates." Aplt. Opening Br. at 13-14. Taken individually and together, this evidence fails to sustain her hostile-work-environment claim.

Ms. Montano fails to explain how the first two pieces of evidence, though undoubtedly insulting to her, were gender-based. As for the third piece of evidence, although women tend to have higher-pitched voices than men, she fails to show that Flores's use of a high-pitched voice was intended to mock her *because of her gender*. Threatening Ms. Montano with termination, or conducting unwarranted disciplinary proceedings, certainly could have contributed to a hostile work environment, but there is no evidence that they were motivated by gender. Finally, as the district court observed, generalized assertions, such as those alleging unspecified unprofessional and offensive conduct, cannot be considered sufficient to support a claim.

**Retaliation Claim**

To establish a prima facie case of retaliation, a plaintiff must show (1) "that [she] engaged in protected opposition to discrimination," (2) "that a reasonable employee would have found the challenged action materially adverse," and (3) "that a causal connection exists between the protected activity and the materially adverse action." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016) (internal quotation marks omitted). Although the district court ruled that Ms. Montano had failed to satisfy either the second or the third elements of her prima facie case as to

8

most of the instances of retaliation she identified, her opening brief makes no argument at all to challenge the district court's analysis concerning the third element of her prima facie case: the lack of a causal connection between her protected activity and the materially adverse actions. Moreover, she likewise raises no argument to challenge the district court's further determinations that even if she made a prima facie case, (1) the Postmaster General articulated legitimate, nonretaliatory reasons for the supervisors' actions, and (2) she failed to show these reasons were pretextual. In the absence of any argument on or challenge to these points, we affirm the district court's entry of summary judgment on her retaliation claim. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004) (because plaintiff failed to challenge the second of district court's two independent grounds for granting summary judgment to defendant, court did not need to address plaintiff's challenge to first ground; even if plaintiff "prevail[ed] on that issue, the grant of summary judgment to [defendant] would still stand on the alternative ground which was not appealed").

## CONCLUSION

We affirm the district court's grant of summary judgment on Ms. Montano's discrimination and retaliation claims. Her motion for leave to file a supplemental

appendix is denied.

Entered for the Court


Harris L Hartz
Circuit Judge