**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEA ANN LAVIELLE, individually and
on behalf of their minor children HL, AL,
and DL; MICHAEL LAVIELLE,
individually and on behalf of their minor
children HL, AL and DL,

      Plaintiff Counter Defendants –
      Appellees,

v.

DANIEL BERTRAM ACOSTA,

      Defendant Counterclaimant –
      Appellant.

No. 18-6041
(D.C. No. 5:16-CV-01002-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

Daniel Bertram Acosta appeals from a jury verdict in favor of plaintiffs and

from the district court's order denying his motion for a new trial. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Acosta lived across the street from the plaintiffs in this action, Lea Ann and Michael Lavielle and their three minor children, in a small, rural town in southwestern Kansas. Plaintiffs alleged that for more than a decade, Acosta had engaged in a pattern and practice of assaulting, battering, stalking, harassing, threatening, intimidating, and verbally and physically abusing them. During that time, plaintiffs obtained a protective order prohibiting Acosta from having any direct or indirect contact with them. Acosta disregarded it and continued with this pattern of behavior. Eventually, plaintiffs moved to Oklahoma to hide from Acosta and were residents of Oklahoma at the time they filed their complaint. In their claim against him, plaintiffs asserted Acosta had intentionally or recklessly engaged in extreme and outrageous conduct (in both Kansas and Oklahoma) that caused them extreme and severe mental distress. They sought damages and injunctive relief. Acosta filed a variety of counterclaims against Michael and Lea Ann, one of which proceeded to a jury trial.

The jury found in favor of plaintiffs on their claim, which the court reduced to a continuing tort of outrage under Kansas law, and against Acosta on his counterclaim against Michael. The jury awarded $20,000 in compensatory damages and $32,000 in punitive damages to each of the five Lavielles, and an additional $40,000 in economic damages to Michael. The district court permanently enjoined Acosta from contacting any of the plaintiffs in any manner; abusing, threatening, injuring, assaulting, molesting, stalking, harassing, or interfering with any of them;

2

damaging or injuring their property; placing them under surveillance; following them; entering their property or directing any object or person to enter their property; or directing any third party to do any of the acts prohibited by the court's order. The court also denied Acosta's motion for a new trial, where he advanced a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), and argued that the damages awards were, for various reasons, improper under Kansas law. Acosta appeals.

## DISCUSSION

Acosta raises two intertwined issues on appeal: (1) there was insufficient evidence to support the jury's verdict and (2) the district court erred in denying his motion for a new trial because the damages award was based on passion, prejudice, and speculation and therefore should have shocked the judicial conscience. Both arguments require considering the sufficiency of the evidence.[1] And when an appellant challenges the sufficiency of the evidence, he must provide "the entire relevant trial transcript." 10th Cir. R. 10.2(A)(1)(a). But in his appendix, filed by counsel, Acosta provides only sixty-five nonconsecutive pages of the 638-page trial transcript and none of the 110 trial exhibits, even though he refers to some trial exhibits in his brief. The transcript excerpts may have some relevance to Acosta's arguments, but without the full transcript and the relevant exhibits, we are unable to determine whether the evidence presented to the jury was sufficient to support its verdict or whether the district court erred in denying his motion for a new trial.

---

[1] For purposes of our disposition, we overlook whether Acosta preserved his "passion, prejudice, and speculation" argument for appellate consideration.

3

Plaintiffs pointed out these shortcomings in their response brief, but Acosta filed no reply brief explaining, for example, why the excerpts he provided are the only relevant portions of the transcript. Nor did he seek to supplement his appendix. Plaintiffs filed their own appendix containing additional portions of the trial transcript and some of the trial exhibits that, they claim, demonstrate there was sufficient evidence to support the jury's verdict. But plaintiffs, like this court, are under no obligation to assist Acosta in overcoming the deficiencies in his appendix. *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009) ("This Court is not obligated to remedy these failures by counsel to designate an adequate record."); *id.* at 909 n.1 (recognizing that "an appellee has no parallel duty to produce an appendix"); *see also* 10th Cir. R. 10.4(B) ("The court need not remedy any failure by counsel to . . . prepare an adequate appendix."); 10th Cir. R. 30.1(B)(3) (same). Under the circumstances, we decline to assist Acosta and instead conclude that his failure to provide the full trial transcript leaves us "unable to review [his] insufficiency claims," including his argument that the district court erred in denying his motion for a new trial, and we "must therefore affirm." *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998); *see* 10th Cir. R. 10.4(B) ("When the party asserting an issue fails to provide a record or appendix sufficient for considering that issue, the court may decline to consider it.").

4

The judgment of the district court and its order denying Acosta's motion for a new trial are affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge